SAMUEL B. NEWMAN, Plaintiff in Error, *v.* ROBERT H. ELAM, Defendant in Error.

1. AUDITOR OF PUBLIC ACCOUNTS: INSTRUCTIONS OF: THEIR AUTHORITY: TAX COLLECTOR.—The auditor of public accounts is authorized by the Revenue Act of 1846, § 65, to transmit to assessors, and collectors of taxes, such instructions as he may consider useful in enforcing the revenue laws; and these instructions, though founded on an erroneous construction of the statutes, when given are mandatory on those officers, and a justification for acts done in obedience thereto; hence, where a tax collector acting under the instructions of the auditor, collected from a vendor of slaves taxes not imposed by law, and paid the same into the state treasury, without protest on the part of such vendor, he will not be liable to refund the money so collected.

2. SAME.—Where an officer having authority to do so, issues instructions to a ministerial officer, the latter has no right to inquire whether the instructions are founded upon an erroneous construction of the statutes : it is his duty to conform to them.   See 3 Phil. Ev. C. & H. notes, 1005-1007.

IN error from the Circuit Court of Adams county.   Hon. Stanhope Posey, judge.

The proceedings in the court below are sufficiently stated in the opinion of the court.

*Josiah Winchester,* for plaintiff in error.

We hold that this action cannot be maintained, because:—

1. No action lies to recover back money paid voluntarily and without compulsion, where the party receiving the money is not guilty of fraud, and where both parties are equally cognizant, or are possessed of the means of becoming cognizant of the facts upon which their rights depend. *Mayor, &c.* v. *Judah,* 5 Leigh, 318; *Robinson* v. *City Council, &c.,* 2 Rich. 317; *Gower* v. *Popkins,* 2 Stark. R. 85; *Bilbie* v. *Lumley,* 2 East, R. 469.

And the tax collector being a mere agent at best, would not be liable in an action of this nature, where his principal would not be. It will be observed, that the answer of Newman negatives the idea that the taxes were paid by compulsion. He alleges that the taxes were paid without protest or notice not to pay them to the state. No objection was made to the legality of the tax, till after the decision of the case of *James* v. *Elder,* had opened the eyes of the defendants in error.

2. The collector being merely an agent, no action to recover back money will lie against him, in those cases in which an agent of any other description or character would not be liable. And the money having been received by the collector in good faith, and having been paid over by him to the state, in the regular course of his duty, without protest or notice from the defendants in error, he is not liable. *Cox* v. *Prentice,* 3 M. & S. 348; *Buller* v. *Harrison,* 2 Cowp. 568; *Sadler* v. *Evans,* 4 Burr. 1986.

3. The collector being a revenue officer, cannot be called on to refund money which he has *bonâ fide,* received in his official capacity, even if an ordinary agent might under similar circumstances be required to refund. *Whitebread* v. *Brooksbank,* Cowp. 69; *Greenway* v. *Hard,* 4 T. R. 553; *Linden* v. *Hooper,* Cowp. 414; *Stablefield* v. *Yewd,* Bull. N. P. 133; *Potter* v. *Bemis,* 1 Johns. R. 515.

4. Admitting that a party paying money to an agent under misapprehension either of fact or law, may, after becoming aware of the mistake, treat the agent as a stakeholder, and suspend the money in his hands by a notice not to pay it over; yet the rule does not apply to a ministerial officer of the government, who is bound to pay over the money, in the regular and ordinary course of his duty, into the treasury of the state, under a penalty

for neglect. Upon receipt of it by him, he acts as regards the payer, *functus officio*. If he refuses or neglects to pay it into the treasury, the state alone can require it of him, and the payer must look to the state for reimbursement. The tax collector is not an agent, within the usual understanding of the term. He is an officer bound to receive what the law, and *the instructions of his superior* require him to receive; and bound to pay over when, in what manner, and to whom the law and those instructions may direct. The peculiar character of the collector as distinct and different from that of an ordinary agent, will appear from an examination of the duties required of him under the acts of the legislature. The auditor of public acts, is required to transmit forms of assessment and lists with instructions; and it is made the duty of assessors and collectors, to conform strictly to such forms and instructions. Sect. 15 of the Revenue Act of 1846, page 72: and by sect. 47, of same act, collectors are required to pay over the taxes on the 1st of May, of each year, under a penalty for neglect; and by sect. 55, by neglect or failure for fifteen days to pay the amount of taxes into the treasury, the governor may remove him from office. The collector has not even a common law lien, either general or special, upon the funds in his hands. *Greenway* v. *Hard*, 4 T. R. 553; *Whitebread* v. *Brooksbank*, Cowp. 69; *Sadler* v. *Evans*, 4 Burr. 1984.

5. This is an equitable action, and any equitable defence is sufficient to defeat it. The defendant acted *bonâ fide*, in the discharge of his duty under instructions from his superior officer, which, by law he was bound to obey. The plaintiff has acted negligently, in not making the proper inquiry as to his liability to pay taxes, and in not giving the defendant notice in season, not to pay the money over.

*George L. Potter*, for defendant in error.

Elam, sued Newman for money wrongfully collected by him, as tax collector, for taxes due on slaves sold for merchandise. The complaint charged that plaintiff upon the official claim and demand of Newman as tax collector, "and *under duress* of alleged authority and process," "*compulsorily*," paid the money.

Defendant demurred, and his demurrer being overruled, answered, admitting that he collected the money *as alleged in the complaint ;* but alleged he paid over the money to the state, before suit, and without any protest by plaintiff, or notice not to pay over. Pursuant to the Pleadings Act of 1850, plaintiff demurred to the answer, which demurrer was sustained; and defendant declining further answer, judgment was rendered with inquiry, &c.

The claim for tax dues was unfounded; he had no authority of law to collect as for taxes due on slaves sold as merchandise. *James* v. *Elder,* 1 Cushm. 134.

His plea that he had *paid over,* will not excuse him. He admits the extortion—he *illegally* demanded the money, and his paying over was at his own risk. *Frye* v. *Lockwood,* 4 Cow. 456, 457, and cases cited; *Ripley* v. *Gelston,* 9 Johns. 201. The answer expressly admits the duress, and the law would imply it in such a case : such payments are not considered *voluntary.* *Boston and Sandw. Glass Co.* v. *Boston,* 4 Met. 187 *et seq. ; Preston* v. *Boston,* 12 Pick. 14 *et seq.*

These cases, and those in 4 Cow. 456, 457, and 9 Johns. 201, show that payments made under such circumstances, are *illegal* receipts by the officer, *made on compulsion,* and plaintiff is neither bound to show protest or notice, nor is the fact that defendant has paid over, any excuse.

The answer admits all not denied in the complaint; admits the state had no claim, and defendant no right to demand the money.

Newman cannot set up the case of *agency ;* the state had no claim : Newman no principal.

HANDY, J., delivered the opinion of the court.

This was an action at law in the Circuit Court of Adams county, to recover a sum of money paid by the defendant in error, to the plaintiff in error, as sheriff and tax collector of that county, which sum of money, it is alleged, the plaintiff in error, as sheriff and collector, claiming to act under direction from the auditor of public accounts of this state, in April, 1850, collected from the defendant in error as a vendor of slaves, in Adams county, and for sales of slaves made by him in that county, for the fiscal year

commencing with March, 1849, and ending 1st March, 1850, in the same way, and upon the same footing, as if the slaves so sold were merchandise, under the revenue laws of this state. The right of recovery is claimed on the ground of the payment being made under duress of supposed authority and by compulsion.

The answer states, that the money was paid to the plaintiff in error, as tax collector, acting under the direction of the auditor of the state, without protest or notice not to pay it over to the state, and that the same had been paid over by the plaintiff in error, before the commencement of the suit and without notice to the contrary, to the State of Mississippi.

To this the plaintiff below demurred, and the demurrer was sustained, and the defendant below declining to answer further, judgment was rendered for the plaintiff; to which this writ of error is prosecuted.

Several grounds of objection to the plaintiff's right of recovery have been taken here. But we think that the merits of the case depend upon the question, whether the record shows such warrant to the tax collector as would justify him in making the collection.

The authority shown in the answer is, that in collecting the money, he acted under direction of the auditor of the state, and we have to inquire whether that was a sufficient warrant.

The act of 1846, § 66, (Hutch. Code, 198,) makes it the duty of the tax collector to collect from transient vendors of goods, &c., the taxes that may become due from the sale of goods by such persons.

The 16th sect. of the Revenue Act of March 9th, 1850, provides, " that all vendors of slaves as merchandise, who shall carry the same from point to point within this state, offering the same for sale as such, shall be assessed with the sales thereof as merchandise sold by transient vendors, and such taxes shall be collected according to the laws now in force relative thereto."

The 65th sect. of the Revenue Act of 1846, (Hutch. Code, 198,) makes it the duty of the auditor to transmit to the assessors and collectors, " such instructions as he may consider useful in enforcing the execution of the provisions of that act."

By the same act, the tax collector is required to pay into the

state treasury, the moneys collected by him for the use of the state, on or before the first day of May, in each year, and upon his failure to pay over the amount of such "assessment return," for his county, he is required to pay thirty per centum per annum damages, from the time the same should have been paid, and is also liable to removal from office.

It must be taken under the pleadings in this case, that the auditor issued his instructions to the tax collector, directing him to assess and collect taxes upon slaves, in the condition of those owned and held by the defendant in error, in virtue of the provisions and authority of these statutes, and the question is, had he the power and authority to do so?

The provision of the statute is very general:—that he "shall transmit such instruction *as he may consider useful* in enforcing the execution" of the revenue laws. The power conferred is not restricted to any particular cases or questions, and it necessarily clothes the auditor with a large discretion, to be exercised in his best judgment, in regulating the performance of the duty of collecting and accounting for the public revenue. It authorizes him to prescribe to the tax collectors rules of proceeding in the discharge of their duties, not otherwise prescribed by law, and in cases of doubtful construction of the laws, to instruct them as to the rule of action to be observed by them; for this may become very essential in enforcing the execution of those laws. These instructions, when given, must necessarily be mandatory and if violated, would subject the officer to the penalties of official delinquency. If they be injudicious or founded in an erroneous view of the statute, they are nevertheless imperative and binding upon the tax collector, because they proceed from the officer clothed by law with the power to issue them; and for the same reason, they would be a justification to him in rendering obedience to them. If it were necessary to consider the propriety of the exercise of the power conferred upon the auditor, in giving instructions as to the liability to taxes of persons holding slaves in the condition of those held by the defendant in error, the litigation upon the subject which the records of this court show has taken place, is sufficient to show that it was a doubtful question, which well justified

the auditor in exercising the power given him by law, by instructing the tax collectors as to the rule by which they would be governed.   We think that such a power was clearly embraced by the provision of the statute; and though the construction put upon the statute was erroneous, yet he had the power to do the act, and upon established doctrine, it was a justification to the tax collector.   For if the authority proceeded from an officer having the power to issue it, and was regular and valid upon its face, the tax collector, as a ministerial officer, had no right to examine whether it was issued under an erroneous construction of the statute, but it·was his duty to conform to it.   3 Phill. Evid. Cowen & Hill's notes, 1005, 1007, and authorities there cited. And he is not liable to an action to recover the money so collected and paid over to the state.

The judgment is reversed, the demurrer overruled, and the cause remanded.                                                                          ₁