JAMES O. HENDRICKS, Treasurer of Yallobusha county, *v.* HIRAM B. JOHNSON.

1. MANDAMUS—WHAT NOT A GOOD RETURN BY A COUNTY TREASURER.— A statement in the return of a county treasurer to the alternative writ of *man damus*, as an excuse for his refusal to pay a warrant drawn on him, as treasurer by order of the board of police, which had authority to order such a warrant, that he declined to pay it because it was issued by fraud and misrepresentation, and without authority, and that, at the time of the service of the writ upon him, and since, he has not had in his possession any funds with which to pay where the petition for *mandamus* alleged frequent demands on the treasurer for payment before its being filed, is not a sufficient answer, and the peremptory *mandamus* was properly ordered on such return.

2. COUNTY TREASURER HAS NO AUTHORITY TO SUSPEND OR REFUSE PAYMENT EXCEPT IN SINGLE CASE.— The county treasurer has no authority to suspend or refuse the payment of warrants, properly drawn upon him by the clerk, in obedience to the orders of the board of police, except in the single instance provided for in art. 161, p. 132, Rev. Code of 1857.

ERROR to the circuit court of Yallobusha county. NILES, J.

The facts of this case are minutely stated in the opinion of the court.

*D. E. Thomas*, for plaintiff in error.

The only question to be considered by this court is, did the court below err in directing the peremptory writ of *mandamus* in the face of the answer of the defendant Were the facts stated in the answer relative to the subject of inquiry before the court? If so, the answer is to be taken as true and conclusive. If Johnson had obtained the issuance of the warrant by fraud and misrepresentation, as is alleged in the answer, it was certainly the duty of the treasurer to refuse to pay the warrant, he being apprised of the manner in which it had been obtained. Good faith on his part, as an officer of the county, holding said funds in trust for common school purposes, required him to refuse to pay a warrant which had been obtained by fraud and misrepresentation, and his return of that fact is to be taken as absolutely true. See Carroll v. Board of Police, 25 Miss. 47.

The return shows further that at the time of the service of

the writ and up to the time of the trial, he had no money
in his possession belonging to the common school fund out
of which to pay the warrant, which return on that proceed-
ing is to be regarded as true. Does the law impose any
obligation on the treasurer to pay a warrant drawn on him
out of his own private funds? Certainly not. He was
directed in effect to pay this warrant out of the common
school fund, as it was on account of common school fund
refunded. If then at the time of service of the writ he
had in his possession no money belonging to the common
school fund, a return of that fact was a complete answer to
the writ. If he should hereafter have in his possession any
money belonging to said fund, he might be required to pay
the warrant out of the fund in his possession. We think
the judgment of the court below awarding a peremptory
writ of mandamus should be reversed.

*W. R. Barksdale,* for defendant in error.

This was a *mandamus* proceeding to compel plaintiff in
error to pay to defendant in error a warrant on him as treas-
urer of Yallobusha county, which warrant directed on its
face that it was payable out of and chargeable to the com-
mon school fund. Plaintiff in error in his return to the writ
of *mandamus* in the alternative relies mainly if not wholly
on the fact that he has at the time of the trial, and at time
of service of writ had, no funds of common school on hand
with which to pay. This return does not deny the posses-
sion of funds and the ability of plaintiff in error to pay the
warrant of defendant in error at the time of demand made,
or at the several times of demand made. This is necessary
since it was the refusal of plaintiff in error to pay that gave
to defendant in error a cause to proceed by *mandamus.*
"Every intendment is made against a return to a writ of
*mandamus,* which does not answer the material facts, there-
fore it has been held, that when it is shown that an ex-officer
had the seal of a corporation on the 15th of June, it is not
sufficient to avoid the writ to return that he had no control

over or possession of it in July, unless he also shows how he has parted with the control." The People v. Kilduff, 15 Ill. 492 ; Moses on Mandamus, 213.

" For the same reason it has been held that a return of a writ to a justice to an alternative *mandamus* to send up papers, that at the time of service his fees had not been paid, is no defense against making the writ peremptory, for they may have been paid since." People v. Harris, 9 Cal. 571.

These authorities show that plaintiff in error if he rely on inability on his part, or impossibility to do the act which defendant in error seeks to have him compelled to do by peremptory *mandamus*, must show that inability, or impossibility at the time the duty was devolved on him by law to do it, to wit, at the time demand was made by defendant in error. Then it was that plaintiff in error's default occurred, and then it was that a cause of action accrued to defendant in error.

Every thing is taken by intendment against the return. It does not therefore appear that plaintiff may not, between the time of demand made for payment of the warrant, and the time of service of the writ, and making the return, have placed himself in a situation which made performance impossible.

. The return of plaintiff in error, we submit, should not only show that he had no funds belonging to the common school fund, but also that he had no funds in his hands as treasurer. The judgment of the board of police, directing payment to be made out of the school fund, was directory only, and if there should be no such fund the judgment could not for that reason fail. Board of Police of Attala County v. Grant, 9 Smedes & Marsh.

The order to pay out of common school fund was only because the money of defendant in error, which had been improperly received, and received without consideration by defendant in error, has gone into the school fund. Leonard v. The City of Canton, 35 Miss. 189.

Plaintiff in error, being merely a ministerial officer, undertook to decide that the warrant of which defendant in error was seeking payment was issued without rightful power by the board of police; this he could not do. See Newman v. Elam, 30 Miss. 507.

The decision of the court below, ordering peremptory writ to issue, was clearly right.

TARBELL, J. :

The petition of Hiram B. Johnson, presented to the circuit court of Yallobusha county, in 1870, represents that, in January, 1870, he had against the common school fund of that county a claim for $200, which he duly presented to the board of police of the same county, which was by said board duly audited and allowed at a term of said board held according to law. The claim being so allowed and audited, a warrant for the amount was, by order of said board, issued and drawn upon and directing the treasurer of the county to pay to the petitioner the said sum of $200. James O. Hendricks was treasurer of said county, and as such had the custody of the funds out of which the said claim is ordered to be paid, and of which funds said Hendricks is alleged to have had an ample sufficiency to pay the petitioner his said claim. The petitioner avers that he often presented the said warrant to said Hendricks, treasurer, and demanded payment; yet, that he refused to pay the said warrant. Wherefore the petitioner prayed out the writ of *mandamus* directed to said Hendricks, commanding him to show cause why the same should not be made peremptory, and he be directed and required to pay the said warrant, etc. The warrant was filed with the petition. The writ was issued accordingly, returnable to the said circuit court on the 25th day of November, 1870, and with the same was filed the answer of the treasurer, that: "He has declined and refused to pay the said sum of $200 to the said H. B. Johnson, or bearer, as per the order and warrant of the honorable board of police of Yallobusha

county in the writ set forth. 1st. Because the warrant was issued by and in fraud and misrepresentation, and without authority so to do, and is, therefore, utterly illegal and void; 2d. Because, at the time of the service, and up to this time, your respondent did not have in his possession any funds belonging to the common school fund of said county with which to pay said warrant, if, in law, he was or is bound so to do."

After argument for and against the application, the court awarded a peremptory writ, and adjudged the costs to be paid by the respondent, for which execution was directed to issue. Thereupon the respondent sued out a writ of error with supersedeas.

Finding with the record in this case no assignment of errors we refer to the argument of counsel for the points relied on in this court, which are the same as those assigned in the answer to the alternative writ. The plaintiff in error, in excusing non-payment of the warrant, says he had no funds in his possession, out of which to pay it at the time of the service of process. If, in no other respect, this return is evasive in not informing the court whether he had funds at the time of the several demands of payment, the warrant was payable, and the right to payment accrued on presentation and demand. The warrant was drawn January 31, 1870. The alternative writ of *mandamus* was issued in November thereafter. In the mean time, according to the petition, payment of the warrant had been often demanded. If illegally or fraudulently issued, the parties so illegally issuing it or practicing the fraud were subject to indictment, and payment of the warrant could have been stopped by legal proceedings. The treasurer, if a faithful officer, upon declining payment, would have notified the board of police, who, in turn, would have interposed to prevent the consummation of the fraud and of the illegality, were these valid and existing objections to the warrant. But the board of police is empowered by law to audit and allow claims like the one sought to be enforced in this instance, and the

record shows that the claim of the defendant in error was adjudicated and allowed, and ordered to be paid by the only tribunal having jurisdiction and authority in the premises. The board of police is not here complaining, and we infer from the record that no obstacles have been presented by the board to prevent payment; nor, indeed, that the board of police or any tax payer has manifested any interest in this matter by attempting to defeat payment, except the plaintiff in error.

But the allegations of fraud are insufficient. The answer states conclusions. It should have set forth facts for the information and action of the court. We have carefully examined the Code for authority to authorize the county treasurer to suspend, or refuse the payment of warrants properly drawn upon him by the clerk, in obedience to the directions of the board of police, but can find no such law, except in the single case provided for in art. 161, Code, 132. If in the subsequent statutes he is given such general power, we are not informed thereof. The treasurer is a ministerial officer, and the custodian of funds, certain of which are subject to the control of the board of police (now the board of supervisors). The powers of the board of police to examine and audit demands, and to order their payment by the treasurer, are contained in arts. 32, 33, Code, 419. From the action of the board an appeal may be taken by any party aggrieved to the circuit court of the county. Ordinarily the judgment of the board of police cannot be attacked collaterally. To justify a disregard of their warrant, and the impeachment of their decrees in a collateral proceeding, the fraud or illegality of the warrant should be very clearly shown by a specific statement of facts. 9 Smedes & Marsh. 92; 6 Hill's Ch. Pl. 244; 23 Barb. 349; 4 Abb. Pr. 22; 13 How. Pr. 314; 4 Seld. 317; 11 How. Pr. 89; Swann *v.* Work, 24 Miss. 439.

The board having made the allowance, it is the duty of the clerk to issue the warrant, and of the treasurer to pay. The treasurer is as much a ministerial officer as the clerk,

and has no more right to refuse to pay than the clerk to draw the warrant, in obedience to the orders of the board, which is conclusive in all cases within its jurisdiction. 9 Smedes & Marsh. 77; Code, 419; 30 Miss. 507; 15 Barb. 529; 19 ib. 468; 23 ib. 338; 5 N. Y. 65; 28 Miss. 38.

In 9 Smedes & Marsh. 92 (The Board of Police of Attala County v. Grant), the court say: "The party is entitled to his warrant on the first judgment, if he is entitled to it at all; and, if there be no money in the treasury, a *mandamus* would undoubtedly be the proper remedy to coerce the levy of a tax. One of these judgments directed the payment to be made out of a particular fund, so far it was directory only, and if there should not be such a fund the judgment could not for that reason fail." The proceeding in that case was against the board. The claim of Grant had been once audited and ordered paid, but the clerk had not issued the warrant. The opinion in that case discusses the office of the writ of *mandamus*, holds the judgment of the board of police final on matters within its jurisdiction, and the clerk and treasurer to be ministerial officers.

Except the allegation in the petition, that the claim of the relator is upon the school fund, the record presents no facts to guide our judgment. We have, therefore, referred to the school laws in force in January, 1870, from which we gather that the school fund of Yallobusha county was controlled by the board of police, and the county treasurer was its custodian. Hutch. Code, title, Education; Code of 1857, p. 369, art. 1. The present constitution of the state, with its special provisions in relation to schools and school funds, was adopted February 23, 1870. The school law now in force was approved July 4, 1870. The character of the claim of the relator, further than that it was against the common school fund, is not stated, nor are the dates of the several presentations of the warrant for payment given. The school moneys then in the hands of the treasurer, since dedicated by the constitution, have probably passed beyond the control of that officer, or of the board of police, or of

their successors, the board of supervisors. In the absence of facts to enlighten us on all these points, we must presume the court below to have acted correctly, upon a full knowledge of all the circumstances. Indeed, the writ of *mandamus* rests in the legal discretion of the court. Bouv. Law. Dic. title, Mandamus; 1 T. R. 331, 396, 404, 425 ; 2 ib. 336 ; Redf. on Railw. 441, § 190, and cases cited in notes.

If the claim of the relator is a just one, as we have no reason to doubt, and the judgment is a hardship upon the plaintiff in error, the authorities of Yallobusha will undoubtedly come to his relief upon proper application.

No error in the proceedings, or in the action of the court below having been pointed out, and the presumptions, upon an insufficient and evasive answer, being against the plaintiff in error, and in the absence of material facts in favor of the judgment of a court of competent jurisdiction, we are compelled, upon a naked record, to affirm the judgment, which is accordingly done.