## EFFINGHAM, MAYNARD & CO. *v.* G. T. HAMILTON.

1. MANDAMUS. *Private rights. Judicial discretion.*
   The granting of the writ of mandamus to enforce merely private rights is a matter of sound legal discretion, and, notwithstanding a clear legal right and the absence of a legal remedy, it may be refused if circumstances make it unwise and inexpedient to grant it.

2. SAME. *Schools. Text-books. Acts 1890. Public interests.*
   The act of February 22, 1890 (Laws, p. 86), providing for a uniform series of text-books in public schools, was intended for the benefit and protection of the people and not of book publishers, and where the latter seek to enforce by mandamus their rights growing out of said statute, the court, having discretion as to granting the writ, may subordinate their right to the public good in proper cases and refuse the writ.

3. SAME. *Right of publishers. Mandamus. Case in judgment.*
   A committee appointed under said act of February 22, 1890, to adopt text-books for a county, made selection of books published by plaintiffs, but the county superintendent of education refused to contract therefor, as required by the statute. Afterwards another committee was convened, and, without authority, adopted other books, and the superintendent contracted with other publishers, whose books were introduced in the schools. Plaintiffs applied for mandamus to compel the superintendent to contract with them. *Held,* that, notwithstanding the clear legal right of plaintiffs, and the unlawful conduct of the superintendent, the writ was properly refused, since to allow it would seriously affect public interests by changing the books in use.

FROM the circuit court of Holmes county.

HON. C. H. CAMPBELL, Judge.

By an act of the legislature approved February 22, 1890, entitled "an act to provide for the adoption of a uniform series of text-books by the counties of this state for use in public schools," provision was made for the appointment of a committee in each county, to consist of five teachers of recognized ability, to select a uniform series of text-books. It was made the duty of this committee to communicate with leading firms of school-book publishers and obtain sample copies of text-books, and price lists for exchange, introduction, and permanent supply, and having done this to meet at the court-house on the 1st Monday of October, 1890, and select one text-book for each branch of instruction enumerated in the

curriculum of the public schools in this state. By said act it was made the duty of the county superintendent to enter into a written contract with the publishers of such books as the committee might adopt for a supply of the books, at the rates given in the proposition submitted by the publishers to the committee.

The appellants, Effingham, Maynard & Co., are publishers of school books, and on November 21, 1890, filed the petition in this cause in the circuit court of Holmes county, praying for a writ of mandamus to compel the appellee, the county superintendent, to · sign a contract with them for supplies of certain books. The petition alleges that the committee of teachers for said county was duly constituted and met on the 1st Monday in October as required by the statute, and formally adopted certain text-books published by appellants, and which they had proposed to supply and were still willing to supply at a certain rate. The petition further alleged that the committee had finally adjourned, but that appellee, the county superintendent, arbitrarily refused to sign a contract with appellants as required by the statute.

The opinion of the court contains a further statement of the allegations in the petition. The defendant demurred to the petition, assigning many grounds not necessary to be stated in view of the opinion of the court. The circuit court sustained the demurrer, and, petitioners declining to amend, the petition was dismissed.

*Hooker & Wilson,* for appellants.

1. Mandamus is the appropriate remedy to enforce the performance of an official duty by a public officer, and the writ will issue on the petition of any private person who is interested. Code 1880, § 2542.

It cannot be said that no one can claim any benefit of the contract with the committee, except the patrons of the school. The purpose of the act was to secure a uniform series of books, and the contract was to be so framed as to secure them at the lowest figures to the patrons, and, while the publishers have a large pecuniary interest at stake, the contract is also for the benefit of patrons. The contract when made will be equally binding on both parties, and it is absurd to contend that it is entirely for the benefit of either.

2. If the acts of the superintendent are sustained, the purpose of the statute in securing uniformity will be defeated. All the patrons of a school are interested in the enforcement of the law, and, while the benefit that accrues to the public is not the main design of the statute, it is one of its incidents. If the statute is to be wholly disregarded, what becomes of the uniformity contemplated by it? What guide is there for the teachers? What becomes of the rights of the committee, of the patrons of the school and of the public? The official duty on the part of the superintendent should be enforced by mandamus, and petitioners have such an interest as entitles them to invoke the remedy.

*Noel & Tackett*, for appellee.

1. The act of 1890 is intended for the benefit of school patrons, and as a restriction on book publishers. It contains no provision intended otherwise than as a protection to the public. While it does provide that books adopted shall be used for a period of five years, this is a mere legal requirement subject to legislative repeal, and is not a term or condition of the contract itself. The law does not authorize the insertion of such terms in the contract, and if appellants have a legal right to require appellee to sign the contract, they have no right requiring him to sign a contract embodying such an agreement.

2. The petition fails to aver when the terms of the schools commenced and when they end, and wherein the appellee failed in the performance of duty in serving the public. This point is fatal to the success of appellants. Petitioners cannot anticipate that an officer will in the future violate his duty.

3. Mandamus can only be invoked where there is a clear specific legal right and a duty which can be performed, and there is no other specific and adequate legal remedy. *State Board, etc.* v. *West Point*, 50 Miss. 638; *Supervisors* v. *Arrghi*, 51 Ib. 667.

Appellants have another specific and adequate legal remedy by appeal to the state board of education. Acts of 1886, p. 60.

CAMPBELL, J., delivered the opinion of the court.

Upon the facts stated in the petition before us, and which upon demurrer must be taken as true, the right of the petitioners to have

a contract made with them by the defendant, and to have their
books selected by the committee on the 6th of October taught in
the public schools of Holmes county, is indisputable.   The refusal
of the defendant to contract with them, as required by law, was
wholly indefensible.   He had no discretion about it.   His plain
duty was to proceed to contract, in pursuance of the action of the
committee, and then "to see that only the adopted text-books are
used" in the schools; and if this were a matter affecting only the
parties to this action, there could not be a doubt of the right of the
petitioners to compel the performance of his official duty by the de-
fendant in the matter wherein they have a pecuniary interest.   But
it is not in every case of clear legal right, and the absence of a suffi-
cient legal remedy, and where therefore mandamus is an appropriate
remedy, that it will be issued.   It is settled by numerous decisions
that a sound judicial discretion is to be used, and where circum-
stances make it unwise and inexpedient to allow this writ, to refuse
it when sought to enforce merely private right.   14 Amer. & E.
Enc. Law, p. 97, and cases cited; *State* v. *Board of Education,*
24 Wis. 683; *People* v. *Contracting Board,* 27 New York, 378.
We are therefore called on to consider the situation, and determine
the propriety of refusing the writ.   The petition shows that for
some reason, after the action by the committee to select text-books
on October 6th, and its dissolution, the state board of education
(assuming, as its order shows, that the text-book committee of
Holmes county at their meeting on October 6, 1890, failed to
adopt a complete list of books for use, etc.) directed the defendant
to reconvene the committee to supply the omission, and acting upon
this he attempted to reconvene the committee, and appointed to
fill the places of those who refused to meet again; and at a meet-
ing of the committee thus constituted (consisting of some of the
former committee and of some substitutes) on November 8th, there
was a revocation of the former action as to the books published by
the petitioners, and a selection of others; and in pursuance of this
action the books of other publishers have been contracted for and
introduced into the schools, and are being taught.   We are thus
informed that a committee claiming the right to act has revoked

former action on which the right of the petitioners is founded, and that its action has been carried out so far as to result in a contract with other publishers, whose publications have been introduced into the schools.   The patrons of the schools have incurred the expense of procuring the books, as we must assume, and the teachers are required by the superintendent of education to teach these books, and have no discretion about it.   In view of these complications, and the evil consequences likely to arise affecting public interests, we deem it proper to deny the remedy sought.

It is to be remembered that the object of the law providing for the selection of a uniform series of text-books for the public schools and of all its provisions was for the benefit and protection of the people, and not of book publishers, and while they may acquire rights and be entitled to their protection and enforcement in proper cases, they must be subordinated to the public interest as to the particular remedy here invoked.

*Affirmed.*