State *ex rel.* Cowan, Dist. Atty., *v.* Morgan, County Superintendent of Education, *et al.**

(Division B. May 30, 1927.)

[112 So. 865. No. 26513.]

Mandamus. *Schools and school districts. County school board exercises discretion in creating rural separate school district as regards right to mandamus; "may," in statute permitting county school boards to create rural separate school district, is used in discretionary, and not mandatory, sense; on county school board's refusal to create rural separate school district for public reasons, mandamus will not lie to compel its creation (Laws 1924, chapter 283, section 118).*

Under section 118, chapter 283, Laws of 1924, authorizing county
school boards in certain occasions to create rural separate school
districts, the board exercises a discretion in such matters. The
word "may" in such section is used in a discretionary, and not
a mandatory sense, and, where the board refuses to create such
district for public reasons, mandamus will not lie to compel it to
create such district.

*Corpus Juris-Cyc References: Mandamus, 38CJ, p. 731, n. 8; Stat-
utes, 36Cyc, p. 1160, n. 28, 29. As to when word "may" in statute is to
be deemed mandatory, see annotation in 5 L. R. A. (N. S.) 340; 25
R. C. L. 771; 3 R. C. L. Supp. 1428; 5 R. C. L. Supp. 1344; 6 R. C. L.
Supp. 1483.

APPEAL from circuit court of Jackson county.
HON. W. A. WHITE, Judge.

Proceeding by the state, on the relation of R. C. Cowan,
district attorney, for mandamus to be directed to M. M.
Morgan, county superintendent of education of Jackson
county, and others. From a judgment for defendants,
relator appeals. Affirmed.

*F. S. McInnis* and *Ford, White, Graham & Gautier,*
for appellant.

The petition for the creation of the rural separate
school district was filed under the provision of section
118, chapter 283, Laws of 1924. The demurrer inter-
posed by the respondents sets up that the county school
board in denying the petition for the creation of the
school district was clothed with discretionary powers
and the petitioners must show that the action in denying
their petition was fraudulent or corrupt.

The position of appellant is that the county school
board of Jackson county had no discretion in the manner
whatever when the petition for the creation of the school
district was filed, if the petition complied with the law.
Under the facts in the case we submit that the word *may*
is subject to but one construction or interpretation and
that the construction and interpretation given it by this

court in *Town of Carrollton* v. *Town of North Carrollton,* 109 Miss. 494, 69 So. 179.

Under the facts of this case it cannot be denied but that the majority of the qualified electors of any unincorporated district embracing more than sixteen square miles of territory have the right as a matter of law to have such territory created a separate school district. It is their interest we must look to and not to the whimsical theories and ideas of the county school board as to what is best for them to have.

*H. P. Heidelberg,* for appellees.

The decision in this case calls for a construction by the court of section 118, chapter 283, Laws of 1924. The entire case rests and depends upon the construction given the word *may* in the above-named section. Does the word *may* as used therein mean *shall,* or does the use of the word in this statute leave any discretion whatever in the county school board in passing upon these matters?

There is a marked contrast and distinction between the statute as passed upon by the court in the Carrollton case and in the case at bar. In the construction of a statute the entire statute or the entire part thereof dealing with one particular subject must be construed as a whole. 38 C. J., Mandamus, paragraph 331, page 730.

The circuit judge before whom the case was heard in sustaining the demurrer stated that it was his opinion that the board was left with discretion under the statute involved because, as he stated, suppose two petitions were presented to the county school board simultaneously and each of said petitions prayed that certain territory be included within the school district, so that the territory embraced within the two petitions overlapped, then if the statute was construed as mandatory, there would be nothing left for the board to do but grant both petitions, resulting in an absurdity.

39 C. J., page 1395, gives many legal definitions of the word *may.* The unbroken chain of decisions in this state, beginning with *Madison County* v. *Alexander,* Walkers Report 523, to the very last decision of this court, have uniformly held that wherein discretion was left with the governing body or such body charged with inquiry into and exercising discretion after inquiry duly made, the court cannot compel such bodies to exercise its discretion so as to bring about or obtain a particular conclusion.

ETHRIDGE, J., delivered the opinion of the court.

The district attorney filed a petition for a writ of mandamus to be issued against the county superintendent of education and the members of the county school board of Jackson county, Miss., alleging that on the 20th day of May, 1926, there was presented to the Jackson county school board a petition of the majority of the qualified electors of the territory in said county, described as that part of township 6 south, range 5 west, lying west of the Escatawpa river, and that part of township 6 south, range 6 west, lying west of the Pascagoula river, and comprising more than sixteen square miles of territory, requesting said county school board to create said territory a rural separate school district; that it was to the best interest of the inhabitants therein for the said territory to be created a rural separate school district and, in utter disregard of the said petition, the county school board refused to create said territory into a rural separate school district and denied the said petition, as shown by the minutes of the county school board, a copy of which was attached to the petition; that, on account of the said county board not having performed its duty in creating a separate school district, the greater portion of the inhabitants of the territory were without public school facilities.

The minutes of the Jackson county school board recited:

"Mr. F. S. McInnis presented a petition signed by patrons of the following territory: All that part of Tp. 6 S., between Dog and Pascagoula rivers. Said petition sought to have created a rural separate district embracing said territory. After discussing the matter thoroughly and asking questions, and hearing opposition raised by various citizens of the territory, the school board passed the following order in due form: Inasmuch as no one is able to show the valuation of said territory, the number of children, or any general plan of organization of the proposed district, and since it appears that a separate district would not be the proper type of organization for such a vast and sparsely settled territory, it is hereby duly ordered by the board that the petition presented by Mr. McInnis be denied."

By section 118, chapter 283, of the Laws of 1924, known as the School Code, it is provided:

"*Separate School Districts.*—Any municipality, by an ordinance of the mayor and board of aldermen thereof, or any unincorporated district with an assessed taxable valuation of not less than two hundred thousand dollars ($200,000), or any unincorporated district of not less than sixteen square miles, by the county school board or county school boards, on a petition of a majority of the qualified electors therein, may be declared a separate school district, but shall not be entitled to the rights and privileges of a separate school district unless a free public school shall be maintained therein for a term of at least seven months in each scholastic year; provided that there is an average attendance of twenty-five pupils."

By other sections of the School Code, contained in said chapter 283, Laws of 1924, the county school board is given the power and charged with the duty of dividing the whole territory of a county, outside of municipalities, into school districts for the white and colored races. This

embraces the power to locate an ordinary school district for each race separately, and also the power to create and consolidate school districts under the conditions named in the statute. It will thus be seen that the county school board has jurisdiction and power to deal with school districts of all kind, outside of municipalities. Taking all of the statutes and construing them together, we think that the word "may," in the statute above quoted, is used in a permissive, and not a mandatory, sense. The school board has and had discretion in fixing the districts so as to accommodate all the school children of the county and to make districts where each child can attend accessible schools. On account of streams and other natural barriers, the board may, in certain cases, create common school districts having a smaller number of pupils than is required to be embraced in a school district; but this power to create such districts is limited. If the residents of a district consisting of more than sixteen square miles of territory may select their territory for the establishment of a separate rural school district and bind the board thereby, such selection might result disastrously to the interest of those not living in the territory embraced in the separate school district, and who were prevented by streams or other natural barriers from attending schools within a convenient distance from their homes; and consequently those children might be denied, in practice, the privilege of securing an education in the common schools.

The word "may," when used in a statute concerning the rights of the public and the duties of public officers will usually be given a mandatory effect (*Carrollton* v. *Town of Carrollton*, 109 Miss. 494, 69 So. 179), but the word "may" is not always so used, and, in determining the meaning of words in a statute, we will take all statutes *pari materia* considering the whole scheme of statutes in determining their meaning. So, in construing the above statute, we think the county school board has discretion to be exercised for the good of the whole coun-

ty as well as of the particular district; and the board, in its order, having found conditions to exist which make the establishment of a separate school district in its judgment improper and unnecessary, mandamus will not lie to control such discretion.

The judgment of the court will therefore be affirmed.
*Affirmed.*