Selig *v.* Price, Auditor of Public Accounts, *et al.*

(Division B. June 6, 1932.)

[142 So. 504. No. 30085.]

**Hannah & Simrall,** of Hattiesburg, for appellant.

**W. W. Pierce**, Assistant Attorney-General, for the state.

616

**Ethridge, P. J.,** delivered the opinion of the court.

This is an appeal from a judgment of the circuit court sustaining a demurrer to a petition for mandamus filed by the appellant to compel Joe S. Price, state auditor, and Greek Rice, attorney general, to audit, allow, and refund to petitioner taxes paid for the years 1925, 1926, 1927, 1928, 1929, and 1930 by the bank on an assessment made against its capital stock, undivided profits, and real estate. It was alleged that the assessment made was in violation of the law. The amount of taxes paid each year aggregate, for the six-year period, state taxes, three thousand four hundred thirty-two dollars and eighty-six cents, and county taxes, seven thousand nine hundred forty-nine dollars and thirteen cents. Application was made, as set forth in the petition, to the auditor and attorney general under section 3276, Code 1930.

It was not alleged in the petition that the state had appropriated any money for the refund of said taxes under said section, nor was it alleged that the bank had not collected from the shareholders of its capital stock the amount of money paid by the bank for taxes.

The defendant's demurrer to the petition set up as grounds therefor that the petition did not allege that the legislature had appropriated money with which to refund said taxes, and that the attorney general, acting under the refund statute, was exercising discretion in refusing to allow the claim, and that the discretion of the attorney general could not be controlled by mandamus. The demurrer did not set forth that the petition did not allege that the bank had not been reimbursed by its shareholders for the taxes so paid each year, or for any of them.

Under section 3138, Code 1930, it is provided that: "In case of such bank or banking association existing under the laws of the United States, a precisely similar amount shall be assessed upon and collected from the shareholders thereof at the domicile of the bank as would

have been assessed upon and collected from the said bank had it been created under the laws of the state of Mississippi; but each said bank and banking association shall, nevertheless, be liable to pay any taxes as the agent of each of its shareholders, and may pay the same out of their individual profit account, or charge the same to their expense account, or to the account of such shareholder in proportion to their ownership.''

The first part of this section requires the president, cashier, or other officer having like duties, to deliver, on or before April 1st of each year, to the county assessor, a statement on the form prescribed, under oath, of the number and amount of all shares of its capital stock paid in, then the amount of its capital and the sum of all undivided profits or surplus, excluding its real estate, estimating its shares at par.

Under the revenue chapter of the Code 1930 (section 3108 et seq.), notice is published to the taxpayers of the filing of the assessment roll and its equalizing by the board, and fixing a date at which objections to the assessment may be made, after which hearing the assessment is made, and thereafter is to be approved by the tax commission and placed in the hands of the collector for collection. An appeal is allowed to the circuit court from the taxing board's decision, under section 62, Code 1930, where the circuit court tries the matter de novo, and, from its judgment, an appeal is allowed to the supreme court of the state.

By section 420, Code 1930, an injunction is authorized to restrain the collection of taxes levied or attempted to be collected without authority of law.

By section 3276, Code 1930, the attorney general is required, when a claim is presented to him under it, to examine into the merits of the claim, and determine whether it is a meritorious or legal claim. In this he exercises his discretion, depending, of course, upon the findings of fact made by him in his investigation.

In the case of Woodberry v. McClurg, Attorney Gen-

eral, 78 Miss. 831, 29 So. 514, the court held that it would not undertake to control the attorney general in the exercise of matters of his official opinions. In that case, Woodberry and five other citizens of the state applied to the governor of the state for a charter for a corporation, and the governor referred them to the attorney general for his opinion. The attorney general declined to make a certificate, whereupon a writ of mandamus was brought against him to test the legality of the proposed charter. In the concluding clause of its opinion, the court said: "The question here made was passed upon at the request of the attorney-general. We assume no authority to pass upon his official opinions. We approve and commend the advice of the attorney-general as sound, wholesome and patriotic."

In Swann v. Gray, 44 Miss. 393, it was held that the duty of the chancery clerk to approve official bonds is in the nature of a judicial act requiring the exercise of discretion, and the court cannot act directly on him and control his judgment and discretion in the matter of the discharge of his official duties, and that mandamus cannot control the discretion of an officer in discharging the duties imposed upon him.

In Cole v. State, 91 Miss. 628, 45 So. 11, it was held that the insurance commissioner, in licensing an insurance company to do business in the state, was exercising judicial discretion, and that mandamus would not lie to require him to revoke the license.

In Vicksburg & M. R. Co. v. Lowry, 61 Miss. 102, 48 Am. Rep. 76, it was held that the governor could not be compelled by mandamus to act in a matter of his official duty and discretion.

In Board of Supervisors v. Lee, 147 Miss. 99, 113 So. 194, it was held that, where it is sought, by mandamus, to compel an inferior tribunal to act in a certain way in reference to a matter which the law commits to its discretion, the writ will not lie, since it cannot be resorted to for the purpose of directing a certain line of action.

In Ruhr v. Cowan, 146 Miss. 870, 112 So. 386, it was held that the election commissioners of this state are given judicial and quasi-judicial powers, and exercise judgment and discretion, and, when a petition is presented to them under the law requesting the name of a person to be placed on the ticket, they are charged with the duty of determining the facts as to whether the petition has been actually signed by the parties whose names appear thereon and whether they are qualified electors. They may be compelled to assemble and consider these questions by mandamus, but the circuit court cannot control their action by mandamus, and cannot substitute itself for the election commissioners in determining the facts.

In State ex rel. Cowan v. Morgan, 147 Miss. 121, 112 So. 865, it was held that, under chapter 283, Laws 1924, authorizing county school boards on certain occasions to create rural separate school districts, the board exercises a discretion in such matters. The word "may" in such section is used in a discretionary and not a mandatory sense, and, where the board refuses to create such district for public reasons, the writ of mandamus will not lie.

In Greenwood v. Provine, 143 Miss. 42, 108 So. 284, 45 A. L. R. 824, it was held that mandamus will not lie to compel city authorities to extend water mains for new residence district over seven hundred feet distant, since it is discretionary whether such extensions be made or not, and mandamus can be used only to compel officer to perform a mandatory duty of office, and not to compel action in a particular way, if matter to be acted on is discretionary.

It is our opinion that mandamus cannot be used to compel the attorney general to approve a refund of the taxes, since they were assessed under the law, and have been paid into the treasury; that the statute was not intended to compel an absolute duty in this regard, but in a case such as we have before us, where the assessment

and its legality would depend upon facts, and where, if the facts had been disclosed to the assessing authorities, the error would have been cured and the assessment properly made, mandamus will not lie.

The state was not compelled to make a refund at all, and the taxes, when voluntarily paid, became the property of the state and the county, subject to the discretion of the legislative body in making appropriations and the attorney general in determining whether the application came within the purpose and purview of the statute.

In Schmittler v. Sunflower County, 156 Miss. 227, 125 So. 534, 126 So. 39, the court held that a refund was not authorized where the tax was not paid under protest.

The petition in the case before us does not present a case of coercion, and the taxes were not shown to have been paid under protest.

It is discretionary with the state authorities where the taxes are not paid under protest to refund them when there are proper equities in favor of the taxpayer, but it is not the duty of the court to attempt to control by mandamus.

Furthermore, the statute, section 3191, Code 1930, authorizes changes in the assessment roll where property is erroneously assessed, or parties assessed wrongfully, after it has been approved by the board of supervisors and the tax commission, and before the taxes have been paid; and, under section 420, Code 1930, the appellant had the right to enjoin the collection of taxes if the assessment against it was void.

Having failed to avail itself of any of the remedies provided by law to prevent the collection of taxes, and having voluntarily paid such taxes to the proper agencies, at a time when the state could have protected its interest in such assessment, we are of opinion that the appellant lost its right, and that, since the proper authorities, having jurisdiction to determine whether a refund ought to have been made, have determined that it should not be made, the court cannot, by mandamus, afford the relief prayed for.

In view of this determination, we do not decide whether the assessment, as made, was in fact made against the bank as agent of its shareholders or not.

We think the federal statute authorizes the taxation of national banks in conformity with the requirements of our statute, and that, if objection had been made at the proper time, the objection would have been corrected.

Mandamus is a discretionary remedy and not one of absolute right, Ross v. Tidence Lane, 3 Smedes & M. 695; and Hendricks v. Johnson, 45 Miss. 644; Effingham v. Hamilton, 68 Miss. 523, 10 So. 39, and, this being true, a judge could refuse to issue a writ for failure of a petitioner to make the necessary allegations for relief.

We think, under the refund statute above cited, that the petitioner had remedies to obtain relief from the assessment on the property, but that, having failed to avail itself of these remedies, it would not now be entitled to the relief prayed for. It certainly could not be the purpose of the law to permit a national bank to evade its duty in rendering an assessment, or statement as required by law to show facts necessary to a valid assessment, and then pay taxes thereon, and afterwards get a reimbursement from its shareholders, and then again from the state, of the taxes so paid.

The judgment of the court below will be affirmed.

Affirmed.