CENTRAL TRUST Co. and another *v.* WABASH, ST. L. & P. RY. Co. and others.[1]

*(Circuit Court, E. D. Missouri.  January 5, 1886.)*

RECEIVERS—TAXES—REV. ST. MO. § 6754.
> The fact that the property of a corporation is in the hands of a receiver of this court does not exempt it from seizure and sale by the collector of taxes, under section 6754 of the Revised Statutes of Missouri.

In Equity.  Information against the county collector of Chariton county.

*Wells II. Blodgett*, for receivers.

BREWER, J., *(orally.)*  An application was made to me yesterday to issue an attachment against the collector of taxes in one of the counties of this state, who had issued his warrant and levied on an engine belonging to the Wabash road, and now in the possession of the receivers.  It is not represented in the petition that the taxes are not just and legal, or that they are not due.  The statutes of Missouri make it the duty of the collector, if the taxes are not paid, to issue his warrant and seize property, and sell the same as upon execution. It is suggested that there is no danger of this property being placed beyond the jurisdiction of the county, and no doubt but that the taxes will be paid in a few days, and it is intimated that perhaps the collector is proceeding summarily in this way for the mere sake of obtaining the fees which the statute authorizes him to charge whenever he makes a levy.  Be that as it may, I think that in levying and collecting taxes the state is exercising its sovereign power, and that there should be no interference with its collection of those taxes in its prescribed and regular methods, even by a court having property in the possession of its receivers, unless it is first charged that the taxes are in some way illegal or excessive.  The mere fact that the receivers have no money on hand to pay the taxes is no excuse for stopping the process of the state for their collection.  It may be hard for the road to pay these taxes, but it can be no harder for a corporation in the hands of receivers to pay taxes than it is for an individual, and the remedy of the state is in each case the same.  The application for attachment will be denied.

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.