## No. 12,915.

GOLDSMITH ET AL. *v.* McANALLY.

(20 P. [2d] 1009)

Decided April 3, 1933.

Messrs. Moynihan, Hughes & Knous, for plaintiffs in error.

Mr. Earle Bryant, Mr. E. L. Dutcher, for defendant in error.

*In Department.*

Mr. Justice Moore delivered the opinion of the court.

The county treasurer and board of county commissioners of Montrose county, Colorado, sought by mandamus to compel the county sheriff of Montrose county to serve in said county a distraint warrant issued by said county treasurer to said sheriff for the purpose of collecting delinquent personal property taxes of Baranowski and Boyer, a copartnership. Holding that the sheriff was under no legal duty to serve a distraint warrant, the lower court sustained a demurrer to the alternative writ and entered judgment of dismissal.

If the sheriff of Montrose county was under a legal duty to serve within said county a distraint warrant issued by the county treasurer of Montrose county to collect unpaid personal property taxes, the judgment of the lower court was wrong.

In determining this question the following sections of the Compiled Laws of 1921 are pertinent:

Section 8758: ''The sheriff in person, or by his undersheriff or deputy, shall serve and execute, according to law, all processes, writs, precepts and orders issued or

made by lawful authority and to him directed, and shall attend upon the several courts of record held in his county.''

Section 7461: (Covering the assessment and taxes on live stock.) ''* * * and it shall be lawful for the treasurer of the proper county to issue immediately a distraint warrant against the owner for the amount of said tax, which said tax shall be computed at the levies made by the county commissioners of the said county for the year previous, and the sheriff of the proper county shall immediately serve the said distraint warrant; * * *. A distraint warrant issued under this act may be directed to the sheriff of any county in the state.''

Section 7371. ''No personal demand of taxes shall be necessary, but it is the duty of every person subject to taxation to attend at the office of the treasurer and pay * * *; and if such person shall neglect or fail to pay such tax until after the first day of August, following the levy of the same, the treasurer may make the same, together with all penalties and costs, by distraint and sale of any of his personal property, whether it be the property taxed or other property.''

Section 7380. ''If the treasurer has reason to believe that any person charged with taxes upon personal property is about to remove such property from the county, or to sell, assign, transfer, convey or conceal or otherwise dispose of the same, or to cause the same to be done, such treasurer may at any time, after the tax list and warrant comes to his hands, proceed to collect the same, with costs and charges, by distraint and sale of any personal property of the person in the manner provided by this act.''

In *Haley v. Elliott,* 20 Colo. 379, 38 Pac. 771, a treasurer's distraint warrant is designated as a ''precept or warrant.'' In *Haley v. Elliott,* 16 Colo. 159, 162, 26 Pac. 559, the following appears: ''The 'warrant to collect' has been spoken of as somewhat analogous to an execution.''

In 27 Am. & Eng. Enc. of Law (2d Ed.), p. 789, it appears: "* * * it is impracticable for the official collector to serve as his own executive officer. Special process is therefore issued by him against delinquent taxpayers, and placed in the hands of the sheriff or constable or such other deputies as are authorized by law to levy execution and make distraint. Such special process is sometimes called a tax execution. The expression commonly used, however, is distress warrant or, simply, warrant, a term which is applied to all statutory process in the nature of distress to enforce the payment of taxes." See also *Kasparek v. Throop,* 98 Kan. 551, 158 Pac. 1114; *Newman v. Elam,* 30 Miss. 507, and *Rogers v. Marlboro County,* 32 S. C. 555, 11 S. E. 383.

In view of the foregoing and the wording of section 8758, supra, we conclude that a distraint warrant is a nonjudicial process, precept or order made by lawful authority and therefore it is the duty of the sheriff to serve and execute the same according to law.

 It is urged by defendant in error that the county treasurer, being the collector of taxes, may not delegate this power to the sheriff. The issuance of a distraint warrant does not constitute a delegation of power to collect by the treasurer to the sheriff. In rendering the services, the sheriff merely acts as a peace officer in the performance of his duty in executing a warrant issued by legally constituted authority or as counsel succinctly put it, "the issuance of a distraint warrant by the tax collector or treasurer is an official duty separate and distinct from the serving of the distraint warrant."

Accordingly the judgment is reversed and the cause remanded for further proceedings in harmony herewith. This being a test case, the costs will be assessed against the board of county commissioners.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BUTLER concur.