## No. 14,181.

### McGuire, Manager of Revenue *v.*
### Schwartz, Administrator.

(73 P. [2d] 389)

Decided October 25, 1937.   Rehearing denied November 15, 1937.

Mr. Malcolm Lindsey, Mr. Arthur B. Bouton, Mr. Frank L. Hays, for plaintiff in error.

Messrs. Blount & Silverstein, for defendant in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

Action by plaintiff in error to force payment of taxes on jewelry originally owned by Pauline and Harry Schechtel. The trial court found that it was only taxable for the year 1937, and plaintiff in error, on an application for a supersedeas, asks that the taxes also be imposed for the years 1933 to 1936 inclusive, while defendant in error, in joining that this matter be decided on the application, requests that he be relieved of the payment of the 1937 taxes.

The record does not disclose how long the Schechtels had owned the jewelry, but on September 5, 1934, they pledged it (so held at trial in the action between the parties—a finding not challenged there nor here) to Max Schwartz, since deceased.

On December 29, 1936, plaintiff in error as ex officio assessor discovered the existence of the jewelry and that it had been omitted from the tax rolls of the City and County of Denver, and immediately listed, valued, and extended the same upon the city's assessment rolls in alleged conformity with the state statutes.

On January 25, 1937, the trial court in the suit between Schwartz's administrator, defendant in error, and the

Schechtels ordered the jewelry deposited in the registry of the court, giving the Schechtels ninety days in which to redeem it, which they failed to do, so that on April 25, 1937, title to the property, by virtue of the court decree, vested in defendant in error.

Meanwhile, however, on February 5, 1937, plaintiff in error issued a distraint warrant for the five years taxes and served copies on the parties concerned, including the clerk of the district court where the jewelry was being held. The defendant in error thereupon caused a citation to issue directed against plaintiff in error (respondent in that matter) to show cause why the distraint warrant should not be declared void and the property released in accordance with the decree, in response to which, answer was filed and issues determined upon which the court resolved as above announced. No questions of procedure are raised and the determinative facts are not disputed.

Only two questions need to be answered to dispose of the matter here involved: 1. Did the lien, which attached on the discovery and assessment of the jewelry, operate retroactively so as to be enforceable for the years 1933-36? 2. Did the fact that the jewelry was in custodia legis operate so as to void the distraint warrant as to the taxes for 1937?

On the first question. Section 3, chapter 142, page 712, volume 4, '35, C. S. A. (§7179, C. L. 1921), provides: "* * * any property, real, personal or mixed, which has, by mistake or oversight, been omitted from the tax list for any year or years shall be subject to assessment for all back taxes properly chargeable thereon."

Section 4, chapter 142, supra, provides: "The lien of general taxes for the current tax year shall attach to all property, real and personal, not exempt by law, on the first day of April in each year."

Section 197, chapter 142, supra, provides: "All taxes levied or assessed upon personal property of any kind

whatsoever shall be and remain a perpetual lien upon the property so levied upon, until the whole amount of such tax is paid; * * *.'' We have held that ''this lien, by the terms of the above quotation, subsisted without execution or distraint.'' *Milliken v. O'Meara,* 74 Colo. 475, 222 Pac. 1116. Of course, in that case a levy had been made on the particular personal property involved, but, as we point out below, the defendant in error here, failing to show that the property was properly omitted, may not take advantage of the fact of nonlevy in the instant case.

Section 12, chapter 142, supra, provides that, ''The entries made in the county treasurer's books, the assessment rolls and the tax warrants, * * * shall be prima facie evidence of all things appearing therein, in all courts and places.''

When the county treasurer's records were introduced in evidence in the instant case they were objected to on the grounds that respondent's exhibits were not entered on the record warrant, or any assessment made on it (the jewelry) until December, 1936, long after the lien of the plaintiff, recognized by the court, became effective. The court below properly admitted the exhibits over this objection. The burden was on the administrator, the defendant in error, to show that the taxes for the years 1933-36 were properly omitted, and this he failed to do, and his objection to the assessor's exhibits failing, the assessment rolls for those years introduced in evidence must be taken as conclusive. *Bogue v. Laughlin,* 149 Wis. 271, 281, 136 N. W. 606.

The Wisconsin court in the case and at the page just cited said: ''* * * we think our statutes are sufficiently broad to warrant the assessment of 'back taxes' against the personal representatives of a deceased person, upon property of deceased which escaped taxation, when the personal representatives have personal property in their possession belonging to deceased subject to taxation.'' The Wisconsin statutes on the controverted questions are the same as ours.

314

Our conclusion on this point is, then, that by virtue of the statutes quoted, the lien attached to the jewelry upon discovery by the assessor and his placing it upon the tax rolls, and that the lien operated retroactively on the jewelry for the years 1933-36. This being so, it becomes unimportant to determine whose responsibility it was to list the jewelry for taxation.

2. Property in custodia legis is taxable. "The state has power to tax property in the custody of the law, and, where such property is within the provisions of applicable taxing statutes, it may be taxed to clerks of court, masters in chancery, municipal treasurers, and other such officers, * * *." 61 C. J. 216, §195. We have amply demonstrated that the jewelry in this case was within the provisions of the applicable taxing statutes, and the mere fact that it was temporarily in the registry of the district court can not defeat its taxability. It naturally follows that it is subject to the usual taxing processes, one of which is a warrant to distrain. This does not mean that the collector can forcibly seize the property in the hands of the court, nor is such seizure necessary.

The purpose of the distraint warrant in the instant case was to promptly and effectively notify the court of the taxes due on the property being held by it. No attempt was made to forcibly seize the property.

"A court having in its charge or under its control * * * property upon which taxes are due, will, as the representative of the sovereignty, direct them to be paid without raising any question of the means of enforcement by process, and before all other claims except judicial costs * * *." Cooley on Taxation (4th ed.), vol. 3, pp. 2676, 2677, c. 21, §1352; *Coy v. Title Guarantee & Trust Co.,* 220 Fed. 90, L. R. A. 1915E 211; *Central Trust Co. v. Wabash, St. L. & P. Ry. Co.,* 26 Fed. 11.

The doctrine of *Gibbons v. Ellis,* 63 Colo. 76, 165 Pac. 783, relied upon by defendant in error here, is not applicable to the instant case. There was a direct con-

flict of judicial processes emanating from two different courts, affecting property in custodia legis in one of them. Having held that a distraint warrant for taxes is a non-judicial process in *Goldsmith v. McAnally,* 92 Colo. 384 at 387, 20 P. (2d) 1009, the distinction in the two cases becomes at once apparent.

■ "The principle at the foundation of these re-assessment laws is that the owner of the property is under obligation—some authorities say he is indebted—to the government to pay a sum proportioned to the property owned by him on May 1st [April 1st in Colorado] of each year." *State ex rel. v. Pors,* 107 Wis. 420, 425, 83 N. W. 706.

Obviously, this must be the law in such cases. If it were otherwise (to paraphrase our language in *Routt Co. v. D. & S. L. R. R. Co.,* 88 Colo. 14, 16, 291 Pac. 1020) a person can lift property out of the tax lists by the simple process of a mortgage or a pledge and divert the funds otherwise available to the public revenue into the pockets of private creditors, and a new use for a mortgage or pledge appears.

Judgment, therefore, must be reversed and the cause remanded with instructions that the taxes on the property involved be paid for the years 1933 to 1937 inclusive before it is turned over to defendant in error.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE KNOUS concur.