### GLASS v. PHILLIPS.
#### No. 10609.

Circuit Court of Appeals, Fifth Circuit.

Nov. 18, 1943.

Conrad J. Landram, of Houston, Tex., for appellant.

A. G. McNeese, Jr., of Houston, Tex., for appellee.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

Mengden Rope Corporation, a bankrupt, owed the State of Texas and the County of Harris personal property taxes for 1938. Claims were filed and allowed with full priority except the claim for the 1938 taxes on the stock of goods on hand.

The referee found that only 20% of the stock of goods upon which the assessment was made in 1938 came into the hands of the trustee, and that the value of the stock of merchandise in the hands of the trustee was $1,860. The amount of the tax in question was $235.20, plus $3.92 interest.

In construing Sec. 64, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a, the pertinent part of which is as follows: "The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, State, county, district, or municipality, in the order of priority as set forth in paragraph (b) hereof: Provided, That no order shall be made for the payment of *a tax* assessed against real estate of a bankrupt in *excess* of the value of the *interest* of the bankrupt estate therein as determined by the court. Upon filing the receipts of the proper public officers for such payments the trustee shall be credited with the amounts thereof, and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court." (Emphasis added.) the referee held that the Tax Collector could only be allowed

such an amount as an assessment on $1,860, at the prevailing millage, and at the standard of valuation then in use by the assessor, would yield as taxes. He found that property in Harris County was assessed at 40% of its value, and that 40% of $1,860 was $774, which, at the tax rate of 1.47 per hundred dollars would yield only $11.38 in taxes, and that no priority could be allowed in excess of such sum under Sec. 64, sub. a of the Bankruptcy Act.

On a petition for review the lower court sustained the findings of the referee, from which an appeal was prosecuted.

The referee and the court below misconceived the language and purpose of Sec. 64, sub. a. The language, "Provided, That no order shall be made for the payment of a tax assessed against real estate of a bankrupt in excess of the value of the interest of the bankrupt estate therein as determined by the court", does not provide that no order shall be made for the payment of a tax assessed against any property of the bankrupt in excess of the tax yielded by an assessment of the value of the interest of the bankrupt estate, but only that the court shall not make an order for the payment of taxes in excess of the value of the interest of any property of the bankrupt estate. If the bankrupt has an interest in property but is not the owner of the whole of such property, no order shall be made to pay the entire tax against the property in excess of the value of the interest of the bankrupt in such property. The language of the statute is not susceptible of any other interpretation.

Since the value of the property of the bankrupt in the hands of the trustee was found to be $1860, and since the tax was only $235.20, the value of the interest of the bankrupt in the property in the hands of the trustee was considerably in excess of the tax, and a preference should have been allowed the Tax Assessor for the entire amount of the tax rather than the amount of taxes that the value of the interest of the bankrupt in the property would yield at the prevailing rate and percentage of the value of the bankrupt's property in the hands of the trustee.

The other questions raised and presented by the appeal present purely abstract questions which are not necessary to a decision of the case before us.

The judgment of the lower court is reversed and the cause is remanded for further proceedings in conformity with the views herein expressed.

Reversed.