## In re INGERSOLL CO.

### MIDDELKAMP v. LEA TRUST.

#### No. 3039.

Circuit Court of Appeals, Tenth Circuit.

Feb. 28, 1945.

in the proceeding a claim for taxes for the years 1937 to 1941, inclusive. At the regular tax sale held in 1938 the real estate and improvements of the company were sold for unpaid taxes for 1937, and a tax sale certificate issued to the purchaser. Lea Trust owned the certificate at the time of the adjudication and at the time of the filing of the claim, but it was agreed that the taxes for that year should be included in the claim filed by the treasurer. By order dated February 19, 1943, the referee determined that the tax sale certificate was void and dismissed the claim of the treasurer insofar as it was based upon such certificate. Thereafter, Lea Trust submitted its petition to be substituted as claimant for that portion of the taxes represented by the tax sale certificate; and it prayed that its interest in the claim filed by the treasurer be protected, and that the certificate be decreed to be a lien upon the real estate of the bankrupt. The substitution was granted; and the order of February 19, 1943, was set aside, except insofar as it related to the claim of the county treasurer based on the certificate. The trustee then filed objections to the claim of Lea Trust as substituted claimant. The referee entered an order in which it was determined that the method of assessment of the property for the year 1937 was illegal and by reason thereof the tax sale certificate was of no force and effect; that the property had been assessed at an excessive value; and that the amount of taxes legally due and payable, plus interest, aggregated $3,158.53. On review, the district court reversed the order of the referee with directions to allow the claim in the amount of $4,886.28, the sum paid for the tax sale certificate, together with interest. The appeal is from that order.

The order of the court allowing the claim is attacked on the ground that there was no assessment of the property as a basis for the claim. It is conceded that if there had been an original assessment by the county assessor it would bear a presumption of validity until the contrary is shown. But it is said that the record shows a complete failure on the part of the assessor to assess the property which came into the hands of the trustee; that instead, the assessor merely followed the orders of the State Tax Commission; and that the Commission has no authority to make an original assessment of property owned by an individual or to direct the assessor to use any particular figures in making an assessment

Homer E. Brayton, of Pueblo, Colo. (A. W. McHendrie, of Pueblo, Colo., on the brief), for appellant.

Riley R. Cloud, of Pueblo, Colo. (Leon H. Snyder, of Colorado Springs, Colo., on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

In 1941, The Ingersoll Company was adjudged a bankrupt in the United States Court for Colorado. The treasurer of Pueblo County, Colorado, seasonably filed

of that kind. The property of the company was on the tax rolls prepared by the county assessor, and that created a presumption that the assessment had been made in conformity with law. McGuire v. Schwartz, 101 Colo. 310, 73 P.2d 389. The only evidence concerning the details of the making of the assessment was the testimony of the assessor. He testified that beginning in 1937 he assessed grazing land at a certain value per acre; that the Commission had ordered a higher rate on the land of the company; that it should have been assessed at the regular value of grazing land; and that he was going to have to revise the assessment downward to that figure. But he further testified specifically that when he became assessor in 1937, he found in his office a certain valuation on the property of the company; that he valued the land the way he found it on the record; and that he used that valuation in making the assessment. Whether the assessment was correct or incorrect in respect of the valuation of the property, the testimony showed clearly that it was made by the county assessor, not the State Tax Commission.

■ The order of the court is challenged on the further ground that the grazing land of the company was assessed at a high and discriminatory valuation, in excess of that placed upon other like lands; that on account of such discrimination, the assessment was void; and that a void assessment or void tax will not support a valid claim in bankruptcy. The land was subject to assessment for ad valorem taxes, and the law of the state made adequate provision for the correction through prescribed channels of errors and inequalities in the valuation of property for purposes of taxation. But the company did not invoke any of these remedies for the correction of the error of which complaint is now made. And where the owner of property fails to invoke the remedial provisions of the statute for the correction of errors or inequalities in the valuation of his property, he cannot recover back taxes paid under protest. First National Bank of Greeley v. Board of Commissioners of Weld County, 264 U.S. 450, 44 S.Ct. 385, 68 L.Ed. 784. Neither can complaint be made on that ground after the property has been sold for the taxes. Barnett v. Jaynes, 26 Colo. 279, 57 P. 703.

■ Moreover, in presently material part, section 64, sub. a, of the Bankruptcy Act, as amended, 52 Stat. 874, 11 U.S.C.A. § 104, sub. a, provides in effect that taxes legally due and owing by the bankrupt to the United States, or to any state or any subdivision thereof, shall have priority in advance of the payment of dividends to creditors. And where, as here, taxes were assessed, no effort was made in the manner and within the time prescribed by the law of the state for the correction of errors or inequalities in the valuation of the property, and the assessment has become final, the taxes are legally due and owing within the meaning of section 64, sub. a, supra. The statute further provides that in case any question arises as to the amount or legality of any taxes, it shall be determined by the court. But that provision does not authorize or empower a court of bankruptcy to revise and redetermine in respect of valuation an assessment made under warrant of state law. Arkansas Corporation Commission v. Thompson, 313 U.S. 132, 61 S.Ct. 888, 85 L.Ed. 1244.

■ As we understand it, the next contention is that the court erred in upholding the claim, insofar as it represents taxes assessed against land which did not come into the custody of the trustee in bankruptcy. Apparently certain land belonging to the company in 1937 and included in the assessment was sold before the intervention of bankruptcy and therefore did not come into the custody of the trustee. In Dayton v. Stanard, 241 U.S. 588, 36 S.Ct. 695, 60 L. Ed. 1190, it was held that taxes and assessments were not merely charges upon the tracts of land sold, but against the general bankruptcy estate as well; and that on cancellation of tax sales certificates, the owners and holders who had paid taxes and assessments at the sales were entitled to reimbursement out of the proceeds of sales of the respective tracts, or out of the general assets. Since that case was decided, section 64, sub. a, supra, has been amended to provide that "no order shall be made for the payment of a tax assessed against any property of the bankrupt in excess of the value of the interest of the bankrupt estate therein as determined by the court. * * *" But it is not shown or even contended here that the taxes involved exceed in amount the value of the interest of the bankrupt in the land covered by the tax sale certificate. In the absence of such showing, the claim was properly allowed in the full amount. Glass v. Phillips, 5 Cir., 139 F.2d 1016.

■ It is also urged that the claim was filed as a common, unsecured claim; that it remained throughout a claim of that kind; and that in the event it is allowed in any amount, it should be as a common claim. The claim filed by the county treasurer disclosed plainly on its face that it was for taxes. That was sufficient to give it the priority which arose from the nature of the claim. The bankruptcy court was authorized in the furtherance of justice to substitute Lea Trust as the claimant insofar as the taxes for the year 1937 were concerned. In re United Cigar Stores Co. of America, 2 Cir., 75 F.2d 290. And the nature of the claim followed into the hands of the substituted claimant. Though the claim failed to assert in specific terms the priority which a claim of that nature is entitled to, the court was warranted in giving it the status which a claim for taxes occupies under the provisions of the Bankruptcy Act.

■ This brings us to the contention that on failure to petition for review or to appeal from the order of the referee under date of February 19, 1943, holding the tax sale certificate void, the order became final and is now conclusive. The referee recited in a subsequent order that at a time when counsel for Lea Trust and counsel for the trustee were present, a rehearing of the order of February 19 was granted Lea Trust, but that the reporter was absent and no record of the action was made. The correctness of that recital is not drawn in question. A rehearing having been granted, it follows on plain considerations that the order did not become final as to the rights of Lea Trust.

■ Though not formally presented by point relied upon for reversal of the challenged order of the court, it is argued that the order allows Lea Trust to recover substantially more than is due on the certificate of tax sale. The parties stipulated in writing that the certificate was purchased from the county treasurer at the regular tax sale in 1938; that Lea Trust paid the treasurer $4,886.28 for it; and that nothing had been paid on it. While the certificate was not formally admitted in evidence, it was presented to the referee, was considerd by him, and is in the record before us. It covered many tracts of land, and it indicates that from time to time some of the tracts were redeemed, that the sums paid for the several redemptions were applied as credits, and

that after taking the credits into account, the balance due is substantially the amount specified in the stipulation. There is no basis for the contention that the order allows recovery for more than the amount due on the certificate.

The order is affirmed.