## No. 16,809.

BRODHEAD, MANAGER OF REVENUE *v.* ROBINSON, EXECUTOR.

(254 P. [2d] 857)

Decided February 9, 1953.  Rehearing denied March 9, 1953.

Mr. LEONARD M. CAMPBELL, Mr. CHARLES H. HAINES, Mr. LESLIE A. GROSS, for plaintiff in error.

Mr. ROBERT D. CHARLTON, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

MARIETTA JONES died November 28, 1950, having been a resident of the City and County of Denver for more than six years prior thereto. For each of the years 1946 to 1950, she returned a verified tax schedule listing all of her taxable personal property, and it is stipulated that said tax schedules did not include any items of jewelry. On the day following her death, a safety deposit box at the Colorado National Bank, under rental to deceased, was opened by a representative of the State Inheritance Tax Department and the contents listed. The list included certain items of jewelry and diamonds.

Deceased left a last will and testament, naming defendant in error as executor, and named two well known charities as principal beneficiaries. Upon admission of the will to probate, the executor named was appointed on January 21, 1951. On July 15, 1951, a few days within the statutory six-month period for the filing of claims against an estate, the Manager of Revenue of the City and County of Denver, caused a claim for taxes upon the jewelry for the years 1946 to 1951 to be filed. The jewelry sought to be taxed was in the possession of the executor on March 1, 1951, and therefore assessable and the estate liable therefor, about which there is no dispute and the executor stands ready to pay the tax for the year 1951, but disputes the validity of the assessment

and claim for taxes for the years 1946 to 1950 inclusive. Hearing was had on the claim in the county court on July 19, 1951, and the court allowed the claim for the taxes of the years 1950 and 1951, and disallowed the claim for the years 1946 to 1949, inclusive. Claimant appealed this order to the district court, where hearing was had on October 2, 1951, and while the matter was under advisement, the parties filed a stipulation of facts and no other evidence was offered by either party. On November 16, 1951, the district court affirmed the judgment of the county court and its judgment is brought here for review by claimant, who denies that the trial court had jurisdiction to consider the validity of the assessment in a proceeding for the enforcement of a tax liability; that the court erred in finding that the assessment roll and tax warrants offered in evidence by the manager of revenue were not conclusive evidence of the liability of the executor; that the court erred in holding that the burden of proof rested on the manager of revenue in an action for the collection of tax; and finally, that the trial court erroneously ruled that in such a proceeding the assessment on which the tax was based was subject to a collateral attack.

Defendant in error has filed cross-specification of points to the effect that the trial court erred in holding the executor liable for the tax of the year 1950.

██ ██ It seems to be the contention of the attorneys for claimant that the only way for the executor to obtain relief is to be found in the administrative provisions of the Revenue Act, that is, that when the claim against the estate is filed, the executor must first seek relief by petitioning the assessor to remove the assessment and if not there successful, then to pursue the matter with the county board of equalization, and if relief is not there obtained, then proceed in the district court. Under the circumstances here, this contention is without merit, because the manager of revenue elected to file his claim in the estate pending in the county court, which had full

jurisdiction to hear and determine the validity of all claims filed in estate matters. Section 197 of chapter 142, '35 C.S.A., as amended by S.L. '45, page 197, provides that, "Whenever for any reason the treasurer may deem an action in Court advisable * * * may sue the person so taxed, before any court of his county having jurisdiction; and, upon the trial of any such cause, the tax roll or a certificate from the county treasurer * * * shall be prima facie evidence that the amount claimed is due and unpaid, * * *." When the treasurer or manager of revenue in this case submitted his claim to the county court, the claim then was subject to hearing and determination as in all civil actions in courts of record, with the provision that the claimant shall not be permitted to prove the claim by his or her own oath. S.L. '41, chapter 235, section 19; therefore it can readily be seen that under the circumstances of this case, the administrative provisions of the Revenue Act do not apply.

■ The sole and remaining question is: Does all of the evidence before the trial court justify and support its finding? The tax sought to be recovered was not assessed during the lifetime of deceased, and having been made six months after her decease solely because the items of jewelry were found in her safety deposit box, was, of course, arbitrary on its face. Having elected to pursue the claim in the county court, claimant assumed the burden of sustaining the claim. The only evidence submitted by claimant was its arbitrary assessment, plus the inventory of the contents of the safety deposit box showing possession of the jewelry at the time of decedent's death. Of course attorneys for the city contend that by virtue of section 12, chapter 142, '35 C.S.A., which makes the records prima facie evidence, the assessment roll here for the years involved created a presumption of ownership of the property by decedent from the year 1946 to her death, and rely on the case of *McGuire v. Schwartz*, 101 Colo. 310, 73 P. (2d) 389, which is readily distinguishable, because in

that case the jewelry sought to be taxed was shown to be in existence during the years involved and since the jewelry was omitted on any returns for the years in question, burden of showing that it was properly omitted, shifted to the executor. In the case before us, it is not a question of whether or not the property was omitted, but the vital and controlling question is, was the jewelry here involved actually in existence and owned by the deceased during the years mentioned? Considering the application of the statutory statement that the records or rolls of the treasurer are "prima facie" evidence of the validity of the claim, this fact presumption, created by statute, does not shift the burden of proof to defendant. If the claim as here made, based entirely on the proposition that possession at the time of death was a presumption of ownership during the year involved, is permitted to be established, it would remove any limitation on the power of the assessing authorities to go any number of years back for the purpose of collecting such taxes as might be claimed thereby.

In face of the tax schedule submitted by deceased for the years 1946 to 1950, inclusive, under her oath, showing possession of no jewelry as here involved, if different inferences could be drawn from the set of circumstances here, this court has said that it is the duty of the court to presume in favor of innocent conduct rather than of guilty misconduct or intentional wrong (*Cass, Admx. v. Blake*, 98 Colo. 381, 56 P. (2d) 42); therefore we cannot presume that deceased made false returns concerning jewelry which she in fact owned. It takes more than proof of possession at the time of death to establish that ownership existed long prior thereto. "Proof that decedent had in her possession $1,152.00 on May 17, 1949 [date of death], does not prove that she had more than $750.00 one year prior to that date." *Kostelc, Admx. v. Department of Public Welfare*, 122 Colo. 481, 223 P. (2d) 614.

■ We conclude by saying that, in light of all the evidence, claimant failed to sustain the burden of proof in the establishment of the claim, and both county and district courts were right in denying recovery for taxes for the years 1946 through 1949, but were in error in holding the executor liable for the 1950 tax. The evidence and circumstances, as they relate to the tax schedule of 1950, executed by deceased, are the same as for the prior years.

In accordance with the views herein expressed, the judgment of the trial court is modified to preclude recovery for the year 1950, and as modified, it is affirmed.