589 P.2d 497 (1978)
DYE CONSTRUCTION CO., a Colorado Corporation, Plaintiff-Appellee,
v.
Joseph F. DOLAN, Executive Director of the Department of Revenue, in his official capacity, the Department of Revenue of the State of Colorado, and the State of Colorado, Defendants-Appellants.
No. 77-929.
Colorado Court of Appeals, Div. I.
August 31, 1978.
Rehearing Denied October 5, 1978.
Certiorari Denied January 15, 1979.
*498 Goldstein, Armour & Lonnquist, P. C., Alan A. Armour, Denver, for plaintiff-appellee.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Billy J. Shuman, Special Asst. Atty. Gen., Denver, for defendants-appellants.
COYTE, Judge.
Plaintiff, formerly a sole proprietorship (Dye), but incorporated as a Colorado corporation in 1971 (Dye, Inc.), purchased materials subject to use tax pursuant to § 39-26-201, et seq., C.R.S.1973, but neither filed use tax returns nor paid a use tax from January 1, 1968, to December 31, 1975. The Colorado State Department of Revenue (Department) initially determined that taxes, penalties, and interest of almost $30,000 were due and owing for this assessment period, but after a final hearing the Department's Executive Director found that plaintiff owed $21,276.79 in taxes and $4,010.67 in interest, but waived a 10% penalty of $2,127.68 and penalty interest of $4,010.67. Plaintiff appealed the Director's determination to the district court, and at the conclusion of the trial de novo pursuant to § 39-21-105, C.R.S.1973, the court found that the Department was barred by § 39-26-210, C.R.S.1973, from collecting any taxes which had become due more than three years before March 12, 1976, the date of the Department's assessment, and accordingly entered judgment in the amount of $16,757.27 plus interest. The Department appeals. We reverse and remand with directions.

STATUTE OF LIMITATIONS
The Department contends that since the plaintiff failed to file use tax returns as required by § 39-26-204, C.R.S.1973, the assessment of taxes for the period January 1, 1968, to March 12, 1973, is not barred. We agree.
Section § 39-26-210, C.R.S.1973, on which the plaintiff relies, is part of the article entitled, "Sales and Use Tax." It was adopted by the General Assembly in 1943 and provides, in pertinent part, as follows:
"The taxes for any period together with the interest thereon and penalties with respect thereto, imposed by this part 2 shall not be assessed . . . more than three years after the date on which the tax was or is payable . . .. In the case of a false or fraudulent return with intent to evade tax, the tax, together with interest and penalties thereon, may be assessed, or proceedings for collection of such taxes may be begun at any time. . . ."
C.R.S.1973, § 39-21-107, on which the Department relies, appears in the article entitled, "Procedures and Administration." It was enacted July 1, 1965, and provides, in pertinent part, as follows:
"(1) Except as provided in this section, and unless such time is extended by waiver, the amount of any . . . use tax and the penalty and interest applicable thereto shall be assessed within three years after the return was filed . ..
. . . . .

*499 (4) In the case of failure to file a return or the filing of a false or fraudulent return with intent to evade tax, the tax may be assessed and collected at any time."
The trial court categorized § 39-26-210, C.R.S.1973, as a "special" statute and § 39-21-107, C.R.S.1973, as a "general" statute, applied the rule of statutory construction that a subsequently enacted general statute does not repeal a specific statute, and concluded that the former was controlling. However, a subsequently enacted general statute repeals a specific statute where, as here, the legislative intent to do so is clear and unmistakable. See Gosliner v. Denver Election Commission, Colo., 552 P.2d 1010 (1976).
The intent of the General Assembly that § 39-21-107 should be the controlling statute of limitations in the case of use taxes assessed where no returns have been filed is to be inferred from the following.
First, Article 21, by its specific terms, includes use taxes in its scope. Section 39-21-102, C.R.S.1973, recites that: "Unless otherwise indicated, the provisions of this article apply to . . . use taxes imposed by article[s] . . . 26 . . . of this title . . .." Moreover, the use tax is specifically included in § 39-21-107. Further, where the General Assembly intended to exclude a tax from the provisions of Article 21, it did so expressly, see § 39-21-107(2), C.R.S.1973, and though § 39-21-107(1) provides for exceptions to the section, the use tax is not excepted.
Second, since § 39-21-107(4) refers specifically to a taxpayer's failure to file returns as required by law, a point on which the earlier statute is silent, it fills a logical gap left by the earlier statute, § 39-26-210, C.R.S.1973. And, in this regard, we cannot reasonably assume that the General Assembly meant to allow a taxpayer to escape liability for the payment of the use tax merely by failing to file a return, particularly since it has provided a criminal penalty for failure to file a use tax return. See § 39-26-206, C.R.S.1973.
Finally, insofar as § 39-26-210, C.R.S. 1973, implies that the Department is barred from collecting taxes after three years when no returns have been filed, it is clearly in conflict with the terms of § 39-21-107, C.R.S.1973. And, since the sections are in pari materia, the conflict must be resolved by applying the rule of statutory construction codified in § 2-4-206, C.R.S.1973, namely: "If statutes enacted at the same or different sessions of the general assembly are irreconcilable, the statute prevails which is latest in its effective date." Thus, § 39-21-107 controls, since its effective date is July 1, 1965. Where the taxpayer has failed to file a return, the Department is not bound by the three-year statute of limitations and may assess and collect a use tax at any time.
Nevertheless, plaintiff contends and the trial court concluded that § 39-21-107 is, by its own terms, subordinate to § 39-26-210 because § 39-21-107(6) reads as follows:
"Nothing in this section shall be construed to limit any right accrued or revive any liability barred by any statute enacted on or before July 1, 1965."
Plaintiff interprets this provision to read that all liabilities barred by a statute with a date of enactment earlier than July 1, 1965, are barred by this provision. We do not agree with this interpretation.
Plaintiff's reading of § 39-21-107(6), C.R.S.1973, would render these subsections of this statute inconsistent. Section 39-21-107(1) provides that use taxes and penalties shall be assessed within three years after filing a return. Plaintiff's reading of subsection (6) would mean that subsection (4), which provides that an assessment may be made at any time where no returns have been filed, could never be applied to use taxes. Thus a taxpayer could avoid payment of use taxes simply by failing to file a return. Indeed, the state would be powerless to assess and collect the tax, even within the three-year period allowed by § 39-21-107(1), since by the terms of that subsection, assessment must be made after the return is filed. A statutory construction which leads to absurd results *500 will not be followed. Colorado & Southern Railway v. District Court, 177 Colo. 162, 493 P.2d 657 (1972).
The General Assembly's intent in enacting § 39-21-107(6) is indicated by the wording of the section as it was originally enacted:
"Nothing in this section shall be construed to limit any right accrued or to revive any liability barred by any statute at the date this article becomes effective." Colo.Sess.Laws 1965, Ch. 302 § 39-21-107 at 1137.
The law became effective July 1, 1965. From this wording it is apparent that the General Assembly intended to provide that liabilities which had already been barred by other statutes on the date when § 39-21-107, C.R.S.1973, became effective were not revived by that statute. However, Plaintiff's liabilities for use taxes during the assessment period January 1, 1968, to December 31, 1975, had not yet arisen on July 1, 1965. Hence, § 39-21-107(6) does not apply to them.

LIABILITY OF CORPORATION FOR TAXES

DUE BEFORE JULY 31, 1971
Plaintiff next argues that the Department is barred from collecting from Dye, Inc., the use taxes owed by Dye which were due before July 31, 1971, the date of incorporation. We agree that Dye, Inc., is not directly liable for use taxes incurred before the date of its incorporation. The primary liability for the period in question is in Dye, who is not a party to this proceeding.
However, Dye, Inc., may be liable as the owner or possessor of any of Dye's tangible personal property which was transferred to Dye, Inc., and which is still in the corporation's possession, since the Department has a first and prior lien on any tangible personal property on which use taxes are due and unpaid. Section 39-26-205(1), C.R.S. 1973. The Department's lien survives the incorporation of the business, since it attached when the taxes became due, that is, before the 20th day of the month following the calendar month in which the taxable tangible personal property was purchased. Section 39-26-204(1)(a), C.R.S.1973. See McGuire v. Schwartz, 101 Colo. 310, 73 P.2d 389 (1937), and Denver v. Tax Research Bureau, 101 Colo. 140, 71 P.2d 809 (1937). Nor can Dye, Inc., claim priority as a bona fide purchaser, see § 39-26-205(1), C.R.S. 1973, since Dye's knowledge of the sole proprietorship's failure to file use tax returns and remit the use tax must be imputed to the close corporation of which Dye is a major stockholder. See York Manufacturing Co. v. Brewster, 174 F. 566 (5th Cir. 1909), and Heyward v. U. S., 2 F.2d 467 (5th Cir. 1924). However, the issue of whether such property was in fact transferred to the corporation by Dye is an evidentiary matter. Accordingly, the trial court must determine this factual issue. If such tangible personal property was transferred to the corporation, the state has a lien on it, provided that the statutory requirements for collection on such lien have been met. See § 39-26-118(3), C.R.S.1973.

WAIVER OF PENALTIES AND PENALTY INTEREST
Plaintiff contends and the trial court concluded that the Department could not retract the Director's waiver of the penalty and penalty interest at the trial de novo in the trial court. We agree.
It was held in California Co. v. Colorado, 141 Colo. 288, 348 P.2d 382 (1959), that since the tax code creates administrative machinery for determining tax liability, and since the only available remedy is that provided for the taxpayer, see § 39-21-105, C.R.S. 1973, the decision of the Director is final against the state. Thus, the Director's waiver of penalty and penalty interest is binding on the Department.

COMPUTATION OF INTEREST
Finally, the Department contends that the trial court did not accurately compute the interest. We agree.
Section 39-21-109(1), C.R.S.1973, provides in pertinent part:

*501 "If any amount of . . . use tax is not paid on or before the last date prescribed for payment, interest on such amount at the rate of six percent per annum shall be paid for the period from such last date to the date paid."
Section 39-26-204(1)(a) provides that every person subject to the use tax who has not paid sales or use tax to a retailer shall, before the twentieth day of each month, file a return and remit the use tax due for the preceding calendar month. Hence, the last date prescribed for payment under § 39-26-204(1)(a) is the 20th of the month following the taxable transaction.
Therefore, the interest must be computed at the rate of 6% per annum separately on each taxable transaction from the 20th day of the month following the taxable transaction until the date the tax is paid. However, for the reasons set forth above, penalty interest at the rate of ½% per month under § 39-26-207, C.R.S.1973, and the penalty of 10% under § 39-26-118(2)(a), C.R.S. 1973, has been waived by the Department.
We remand to the trial court for determination of the amount of use tax owed by Dye, Inc., for the period beginning July 31, 1971, and ending December 31, 1975; for determination of whether Dye, Inc., has in its possession tangible personal property which was transferred from Dye to the corporation and the amount of use tax due on such property; and for recomputation of the interest on the total amount due in accordance with the procedure specified by § 39-21-109(1) and § 39-26-204(1)(a), C.R. S.1973.
SMITH and BERMAN, JJ., concur.