James F. McINTYRE, D.D.S.,
Plaintiff–Appellee,

v.

The CITY AND COUNTY OF DENVER, DEPARTMENT OF REVENUE, Thomas P. Briggs, as Manager of Revenue, of the City and County of Denver, and Milo E. Scram, as Hearing Officer of the City and County of Denver, Department of Revenue, Defendants–Appellants.

Gary HOFFMAN, D.D.S.; John N. Abrams, D.D.S.; John E. Craiger, D.D.S.; and R.E. Maul, D.D.S., Plaintiffs–Appellees,

v.

The CITY AND COUNTY OF DENVER, DEPARTMENT OF REVENUE, Thomas P. Briggs, as Manager of Revenue, of The City and County of Denver, and Milo E. Scram, as Hearing Officer of the City and County of Denver, Department of Revenue, Defendants–Appellants.

No. 86CA1371.

Colorado Court of Appeals,
Div. III.

June 30, 1988.

Philip E. Lowery, P.C., Timothy J. Lamb, Scott C. Brown, Denver, for plaintiffs-appellees.

Stephen H. Kaplan, City Atty., Eugene J. Kottenstette, Asst. City Atty., Denver, for defendants-appellants.

HUME, Judge.

Defendants, City and County of Denver Department of Revenue, Thomas P. Briggs, and Milo E. Scram, appeal a judgment entered by the district court in a consolidated C.R.C.P. 106(a)(4) proceedings. That judgment reversed the prior decisions made by defendants upholding the assess-

ment of certain use taxes against plaintiffs, who were licensed and practicing dentists.

 Defendants contend that the district court erred in determining that plaintiffs were entitled to exemptions from use tax on their purchases of dentures and other items designed to restore or replace a dental function for their patients. We disagree.

Denver Revised Municipal Code 53–97, provides an exemption from the use tax for:

"[D]entures and other items that are designed to restore or replace a dental function ... if any of the above is sold to an individual or a member of the individual's immediate family for the personal use of that individual in accordance with a prescription or other written directive issued by a licensed practitioner of ... dentistry...."

The hearing officer found that this exemption applied only to a purchase "for direct use by the patient." The district court reversed, and determined that the ordinance does not specifically provide that dentures must be directly purchased by the patient from the laboratory to be exempt.

The court concluded that since § 12–35–109 et seq., C.R.S. (1985 Repl.Vol. 5), prohibits anyone but a licensed dentist from delivering laboratory created dentures, the "correct construction is the one that lends the ordinance some reasonable effect." The court further concluded that, "[t]he Denver City Council intended to exempt from taxation the sale of prosthetic devices which are prepared for an individual patient pursuant to an order from a dentist even when billed to the patient through the dentist." The court properly rejected the construction adopted by the hearing officer which would have rendered the exemption ordinance meaningless by operation of the statutes regulating the practice of dentistry.

Here, the district court's interpretation of the ordinance properly ascertained and gave effect to the intent of the Denver City Council. *See Stephen v. Denver,* 659 P.2d 666 (Colo.1983). The district court also correctly presumed that the Denver City Council intended a just and reasonable re-

sult in enacting the ordinance. *See Ingram v. Cooper,* 698 P.2d 1314 (Colo.1985). We therefore affirm that interpretation of the ordinance.

 However, the hearing officer dismissed plaintiff Gary Hoffman's claim for refund because Hoffman had failed to make a timely protest of the assessment. On review, Hoffman did not assert that the hearing officer committed error, abused his discretion, or exceeded his jurisdiction in finding the protest untimely and ordering dismissal on that ground, and the district court did not address those issues. We conclude that the court abused its discretion in entertaining Hoffman's claim on the merits under these circumstances. *See Christensen v. Hoover,* 643 P.2d 525 (Colo. 1982).

Accordingly, the judgment is affirmed, except for that portion which improperly afforded relief to plaintiff Gary Hoffman. That portion of the judgment is reversed and the cause is remanded to the district court for reinstatement of the hearing officer's order of dismissal of Hoffman's claim.

STERNBERG and METZGER, JJ., concur.