**COLORADO STATE BOARD OF MEDICAL EXAMINERS,**
Complainant–Appellee,

v.

**Alfred D. ROBERTS, M.D.,**
Respondent–Appellant.

**No. 00CA2192.**

Colorado Court of Appeals,
Div. II.

Dec. 6, 2001.

Rehearing Denied Jan. 17, 2002.

Ken Salazar, Attorney General, Claudia Brett Goldin, Assistant Attorney General, Denver, CO, for Complainant–Appellee.

Kennedy & Christopher, P.C., John R. Mann, Denver, CO, for Respondent–Appellant.

Opinion by Judge PLANK.

Appellant, Alfred D. Roberts, M.D., seeks review of a denial by the Colorado State Board of Medical Examiners of his request for initiation of formal disciplinary proceedings pursuant to § 12–36–118(4)(c)(III), C.R.S.2001. We reverse and remand.

Roberts, an ophthalmologist, was sued for malpractice by a former patient. The patient's claim arose from LASIK surgery performed by Roberts; the patient claimed that the technician assisting Roberts in the surgery had not seated a microkeratome footplate correctly. This error resulted in a full thickness cut in the cornea, and, after Roberts repaired the cornea, the patient underwent a corneal transplant by a different doctor. The case later settled for $155,000.

Pursuant to §§ 10–1–124 and 13–64–303, C.R.S.2001, Roberts's malpractice insurer reported the settlement to the Board. Following the receipt of the report, Inquiry Panel A of the Board mailed Roberts an informal complaint pursuant to § 12–36–118(4)(a)(I), C.R.S.2001, asking Roberts for a written response. After receiving Roberts's response, the Panel referred the case to the Complaints and Investigations Section of the Division of Registrations for formal investigation.

After reviewing the report prepared by the investigator from the Investigations Section, the Panel found that the investigation disclosed an instance of unprofessional conduct and decided that rather than commence formal proceedings against Roberts's license to practice medicine, it would administer disciplinary action in the form of a letter of admonition (LOA).

The Panel sent the LOA via certified mail to Roberts's place of business, which was his address of record with the Board. The LOA, marked "unclaimed," was returned to the Board by the United States Post Office. Notations on the envelope indicate that the postal service served notice of the certified letter twice at Roberts's place of business. On September 28, 2000, over three months after the LOA was issued, Roberts's attorney sent a letter to the Board asking that it vacate the LOA and begin formal disciplinary proceedings. The Board denied Roberts's request for a hearing. This appeal followed.

Roberts contends that the Board's denial of his request for initiation of formal proceedings was based on an erroneous interpretation of § 12–36–118(4)(c)(III). We agree.

Section § 12–36–118(4)(c)(III) states in relevant part:

> [A] certified letter, return receipt requested, of admonition shall be sent to the [physician] against whom a complaint was made ... but, when a letter of admonition is sent by the inquiry panel to a [physician] complained against, such [physician] shall be advised that he or she has the right to request in writing, within twenty days *after receipt of the letter,* that formal disciplinary proceedings may be initiated against him or her.... If such request is timely made, the letter of admonition shall be deemed vacated, and the matter shall be processed by means of formal disciplinary proceedings....

(Emphasis added.)

The Board interpreted the statute to establish that Roberts's failure to claim the certified letter after the postal service left two notices constituted receipt sufficient to begin the twenty-day period for requesting initiation of formal disciplinary proceedings. Roberts argues that the time for such a request runs twenty days from the date of the physician's actual receipt of the letter of admonition. We agree with Roberts's position.

▆▆▆ We interpret statutes de novo. *See United Airlines, Inc. v. Industrial Claim Appeals Office,* 993 P.2d 1152 (Colo.2000).

Courts must interpret a statute to give effect to the intent of the legislature. *Ingram v. Cooper,* 698 P.2d 1314, 1315 (Colo.1985). If the intent of the legislature is clear from the plain language of the statute, the courts must give effect to the statute according to its plain language. *Griffin v. S.W. Devanney & Co.,* 775 P.2d 555, 559 (Colo.1989). If the statutory language is unambiguous, there is no need to resort to interpretive rules of statutory construction. *Colorado State Bd. of Med. Exam'rs v. Slonim,* 844 P.2d 1207 (Colo.App.1992).

The statutory language of § 12–36–118(4)(c)(III) is not ambiguous. The noun "receipt" is defined by *Black's Law Dictionary* 1268 (7th ed. 1999) as "the act of receiving." Similarly, *Webster's Third New International Dictionary* 1894 (1986) defines it as "the act or process of receiving." Thus, we conclude that the plain meaning of the term "receipt" in § 12–36–118(4)(c)(III) requires actual receipt by the physician.

Accordingly, the order is reversed, and the case is remanded with directions to vacate the LOA and initiate formal disciplinary proceedings.

Judge MARQUEZ and Judge ROY concur.