Mr. Justice Groves
delivered the opinion of the Court.
The plaintiffs in error, referred to as the petitioners, sought the incorporation of a town -to be called North Boulder. On February 23, 1966, .they filed their petition for incorporation with the district court of Boulder *551 County under 1967 Perm. Supp., C.R.S. 1963, 139-1-2 et seq. The defendants in error filed objections thereto. The court dismissed the petition for the reason that the petition did not set forth that the signers thereof were residents of the area proposed to be incorporated. Here, counsel for defendants in error were permitted to withdraw and the City of Boulder was permitted to appear as amicus curiae.
 We hold that the statute requires that a petition for incorporation recite in effect that petitioners are inhabitants of the territory proposed to be incorporated. The petition filed merely recited that the signatories were “all inhabitants of a part of the County of Boulder, State of Colorado, which is not embraced within the limits of any City or incorporated Town.” Petitioners contend that in effect the statements contained in the petition alleged that the signers were inhabitants of the area to be incorporated. However, while the petition recited that the signers were registered, qualified electors, it did not state that they were registered, qualified electors of the territory. The court was correct in finding that the petition was fatally defective in this respect.
The Act in question further provides that when the petition shall be presented, the court shall forthwith appoint commissioners who, among other things, shall call-and conduct an election of all of the qualified registered electors residing within the proposed incorporated area; and it continues:
“The commissioners shall file a return of the election with the court. If it shall appear to the court that the petition for incorporation was substantially conformable to. law. and that said election was substantially regular and fair and a majority of the ballots cast at such election was in favor of incorporation, the court shall by' order adjudge said petition and election tó be valid.” * '* * C.R.S. 1963 139-1-4.
It is urged that the court should have appointed the *552 commissioners and permitted an election to have been held prior to making any ruling upon the validity of the petition. We hold to the contrary. If a petition is fatally defective on its face, the district court does not have jurisdiction to order an election and should dismiss the petition. Taylor v. Pile, 154 Colo. 516, 391 P.2d 670.
Petitioners contend that the trial court considered objections and took evidence with respect thereto after it had dismissed the petition and by such dismissal had deprived itself of jurisdiction. They further contend that they were not given notice of this second hearing. Any error in these respects cannot breathe life into the invalid petition.
Judgment affirmed.
Mr. Justice Pringle not participating.