Thomas J. MALMGREN, Robert Bruce Smith, Diane J. Malmgren, Cory Erickson, Robert I. Zane, Seath Zelen, George Tousey, Carol Keen, William R. Keen, Jr., George R. Summers, Thomas Lee Cashler, John Unger, Gregory Denckla, Lainey J. Brottem, Scott L. Randolph, Vlasta M. Bovee, Bernard G. Bovee, Gary Lewis Green, Lori Grosse Rhode, Andy Gellings, Edward B. Mandt, Lisa J. Tousey, Robert E. Dunahugh, Joseph J. Cochrane, Lonnie Baughman, Kimberly D. Green, Giles Kolakowski, Martha Scheufler, Violet R. Effinger, Craig J. Kneuper, Mark David Miklebost, Melvin D. Beckett, Brett S. Murrelle, Linda L. Simmons, Terrence A. Glynn, Charles S. Julin, Joel Rasper, Jeannie Denckla, Steven L. Rys and Elizabeth M. Ashbeck, Petitioners–Appellants,

v.

COPPER MOUNTAIN, INC.,
Intervenor–Appellee.

No. 93CA0328.

Colorado Court of Appeals,
Div. I.

March 24, 1994.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Sherman & Howard, Raymond J. Turner, Calvin T. Hanson, Denver, for petitioners-appellants.

Fairfield and Woods, P.C., Robert S. Slosky, Neil T. Duggan, Denver, for intervenor-appellee.

Opinion by Judge KAPELKE.

Petitioners appeal from the district court's judgment dismissing their petition for incorporation and for initiation of proceedings for the adoption of a home rule charter. We affirm.

In September 1992, petitioners filed a petition for incorporation of a municipality and simultaneously sought to initiate proceedings for the adoption of a home rule charter pursuant to § 31–2–209, C.R.S. (1986 Repl.Vol. 12B). The petition indicated that the petitioners were all registered electors of the territory to be embraced within the proposed municipality and that they represented not less than five percent of the registered electors of that territory.

Respondent, Copper Mountain, Inc., filed a motion to dismiss the petition for failure to state a claim and for lack of subject matter jurisdiction. The motion was based on petitioners' failure to allege that they were landowners within the area they sought to incorporate. The trial court granted the motion and dismissed the petition with prejudice.

## I.

This appeal involves two statutory processes relating to municipalities: a) the process for incorporation of a municipality and b) the process for obtaining a home rule charter.

The procedure for incorporating a municipality is governed by § 31–2–101(1), C.R.S. (1986 Repl.Vol. 12B), which provides that residents of any territory not embraced with-

in the limits of an existing municipality may seek to organize into a city or town by filing a petition for incorporation with the district court.

Under § 31–2–101(1), the petition must be signed by:

> not less than one hundred fifty of the *registered electors who are landowners and residents within the territory* (or, in cases where the territory involved is wholly situate in a county having a population of twenty-five thousand or less, signed by forty such qualified electors who are landowners and residents).... 

(emphasis added). Thus, the signatories to a petition for incorporation must be registered electors, landowners, and residents of the territory sought to be incorporated.

The procedure for obtaining a home rule charter is governed by the Municipal Home Rule Act of 1971, § 31–2–201, et seq., C.R.S. (1986 Repl.Vol. 12B). Prior to the adoption of that Act, a municipality could not acquire home rule status until it had become incorporated. The Act now allows the incorporation and home rule initiation to be streamlined into one proceeding. Section 31–2–209; *see also* Colo. Const. art. XX, § 9(2). Thus, a proceeding to obtain a home rule charter may be initiated at the same time a petition for incorporation is filed. Section 31–2–209.

The requirements for obtaining a home rule charter are the same regardless of whether a charter is sought after incorporation or at the same time a petition for incorporation is filed. A petition seeking home rule status must be signed by at least five percent of the registered electors of the previously incorporated municipality, or of the territory to be incorporated if incorporation and a home rule charter are sought simultaneously. Sections 31–2–204, C.R.S. (1986 Repl.Vol. 12B) and 31–2–209. However, unlike the signatories to a petition for incorporation, signatories to a petition for a home rule charter need not demonstrate that they are landowners.

Section 31–2–209(2), C.R.S. (1986 Repl.Vol. 12B), which describes the procedure for incorporating a municipality and obtaining a home rule charter simultaneously, provides that:

> In order to initiate home rule at the time of incorporation, the petition for incorporation shall be in the form and meet the requirements required by the provisions of section 31–2–101, except that:
> (a) The petition shall be signed by at least five percent of the registered electors of the territory to be embraced within the boundaries of the proposed municipality, notwithstanding any provision of section 31–2–101....

■ Petitioners contend that this provision eliminates the requirement that signatories to a petition for incorporation be landowners in the situation in which the petitioners also request a home rule charter. The trial court, however, concluded that a petition for incorporation, whether filed alone or with a petition for a home rule charter, must contain allegations that the signatories are landowners within the territory sought to be incorporated. We agree with the trial court.

■ Our goal in interpreting any statute is to determine and give effect to the intent of the General Assembly. *In re Petition of U.M. v. District Court*, 631 P.2d 165 (Colo. 1981). Also, we presume that the General Assembly intends a just and reasonable result when it enacts a statute, and we will not follow a statutory construction that defeats the legislative intent or leads to an unreasonable or absurd result. *Ingram v. Cooper*, 698 P.2d 1314 (Colo.1985); § 2–4–201(1)(c), C.R.S. (1986 Repl.Vol. 1B).

The General Assembly's purpose in enacting § 31–2–209(2) was to ensure that a request for initiation of home rule proceedings filed simultaneously with a petition for incorporation does not ignore the independent statutory requirements for obtaining home rule status. Without this subsection, the possibility existed that a petition, though containing the number of signatories required by the incorporation statute, would not satisfy the five percent rule applicable to requests for the initiation of home rule proceedings.

Petitioners' interpretation of the statute would result in there being different substantive requirements for incorporation depending upon whether the incorporation petition were filed alone or with a petition for home rule charter. The landowner requirement of § 31–2–101(1), with respect to incorporation,

could be skirted by the simple expedient of seeking home rule status. This construction thus leads to an unreasonable result that is without support in either the statutes themselves or the legislative history of § 31–2–209(2). *See Ingram v. Cooper, supra.* Accordingly, we reject petitioners' argument based on this interpretation.

Contrary to petitioners' assertion, the combined and streamlined procedure for simultaneously incorporating and obtaining a home rule charter does not change the substantive requirements applicable to petitions for incorporation.

■ Petitioners failed to comply with the requirement of § 31–2–101(1) that they allege in their petition for incorporation that they are landowners. Accordingly, the trial court correctly concluded that the petition failed to state a claim upon which relief may be granted and that subject matter jurisdiction was lacking. *See In re Incorporation of North Boulder v. Sisson,* 167 Colo. 549, 448 P.2d 308 (1969); *People ex rel. Saunier v. Stratton,* 33 Colo. 464, 81 P. 245 (1905).

## II.

■ Relying on Colo. Const. art. XX, § 9(4), petitioners further contend that the requirement that signatories to petitions for incorporation be landowners is an impermissible "limitation" on a municipality's ability to achieve home rule status. We disagree.

The cited constitutional provision affords "all cities, cities and counties, and towns the right to home rule regardless of population, period of incorporation, or other limitation." This provision prohibits certain limitations on a municipality's ability to obtain home rule status, not on the ability of a proposed municipality to incorporate.

The land ownership requirement is applicable to signatories to petitions for incorporation, not to signatories to petitions for the initiation of home rule proceedings. Accordingly, the landowner requirement is not an unconstitutional limitation on the ability of an incorporated municipality to obtain a home rule charter.

## III.

■ Finally, relying on *Kramer v. Union Free School District No. 15,* 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969); *Cipriano v. Houma,* 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969); *Phoenix v. Kolodziejski,* 399 U.S. 204, 90 S.Ct. 1990, 26 L.Ed.2d 523 (1970); and *Pike v. School District No. 11,* 172 Colo. 413, 474 P.2d 162 (1970), petitioners claim that the land ownership requirement for petitions for incorporation is unconstitutional. Again, we disagree.

The cases on which petitioners rely are inapposite. These cases address the constitutionality of limitations on the right to vote. In each case, the court held generally that the right to vote may not be restricted to landowners or taxpayers.

This case, however, does not involve limitations on petitioners' right to vote. Rather, it concerns limitations on their ability to incorporate the area in which they live. Petitioners have cited no authority in support of the proposition that it is unconstitutional to impose a land ownership requirement for petitions for incorporation of a municipality. We conclude that the requirement is not unconstitutional.

Judgment affirmed.

STERNBERG, C.J., and BRIGGS, J., concur.